Harold R. SIDES, d/b/a Acme Asphalt Paving Co., (Plaintiff) Respondent,

v.

CONTEMPORARY HOMES, Inc., a Corporation, and Kemp and Edwards Construction Co., a Corporation, (Defendants) Appellants.

No. 29911.

St. Louis Court of Appeals. Missouri.

March 4, 1958.

**118**

Hinkel & Carey, Clifford L. Goetz, St. Louis, for appellants.

Lloyd E. Eaker, St. Louis, for respondent.

JAMES D. CLEMENS, Special Judge.

We feel it necessary to deal first with a point raised by neither party below, and only casually here. Plaintiff sued two corporations, Contemporary Homes, Inc., and Kemp and Edwards Construction Co., alleging joint liability. The evidence of both plaintiff and defendants showed that only Contemporary Homes, Inc., was involved. Joint motions of defendants for directed verdicts were denied. This was clear error as to defendant Kemp and Edwards Construction Co. The cause was submitted to the jury only as to Contemporary Homes, Inc., and the verdict was

against that defendant only. For reasons for which no explanation is offered, judgment was rendered against both defendants. Defendant Kemp and Edwards Construction Co. did not raise the point in the motion for new trial, which was filed jointly by both defendants. We believe the judgment against defendant Kemp and Edwards Construction Co., rendered under these circumstances was a manifest miscarriage of justice. Although the point was not raised in the trial court and thus not properly preserved for review, we believe the situation calls for the application of Supreme Court Rule 3.27, 42 V.A.M.S., and the judgment will be reversed as to the inert defendant, Kemp and Edwards Construction Co.

Plaintiff asserted a contract to install 180 driveways. Defendant admitted there was an offer to install 180 driveways but claimed that it had accepted the offer only as to the installation of six driveways, for which it had paid plaintiff. Plaintiff's further services were declined, and he claimed a breach and sought damages. Plaintiff sued for $6,090 and had judgment for $750. Appellant Contemporary Homes, Inc., (hereinafter called defendant) here claims error in submitting the case to the jury because there was no evidence of a contract nor of damages beyond speculation, and error in plaintiff's verdict-directing and measure of damage instructions.

■ Plaintiff was in the paving business. Defendant was building 175 to 180 homes in Robinwood Subdivision, St. Louis County, and wanted paved driveways to each home. On April 1, 1955, defendant's vice-president, Robert R. Edwards, called plaintiff by phone, told him of the driveways to be built, and asked for an estimate on installing asphalt driveways. Edwards told plaintiff the driveways were to be nine feet wide and "averaged about fifty, fifty-four feet long." Plaintiff verbally quoted defendant a price of $1.25 a square yard for applying a two-inch asphalt topping on defendant's crushed stone base, or $2.25 a

yard if plaintiff furnished the base. Defendant then asked plaintiff to submit a written proposal, which he did, and two signed copies of this instrument were sent to defendant. By the written proposal, plaintiff offered to install the 180 driveways for the alternate prices mentioned, and gave specifications as to materials, quality of workmanship, and insurance. To this point the evidence is generally in agreement, but evidence of further dealings between the parties is discordant, and we must view the evidence in the light most favorable to plaintiff and reject the defendant's evidence contrary thereto.

About a week after sending the proposal plaintiff got a call from Mr. Edwards who said he'd received it and wanted "the $1.25 job," by which defendant would lay the foundations. Edwards then asked if plaintiff wanted him to sign a copy of the proposal and send it back, and plaintiff told Edwards that wasn't necessary, that he trusted Edwards and would take his word for it. On cross-examination, plaintiff was asked: "Did he say anything further about accepting the terms of the contract?" Plaintiff answered: "He said 'I will accept it; do you want me to sign it and send it back?' " The conversation turned to when plaintiff could start. Edwards said he had six driveways ready. Plaintiff explained that he couldn't "come for any less than that," and Edwards said he'd have the driveways ready "six at a time." Plaintiff denied that Edwards had asked him to put in the initial six driveways so defendant could see how they looked. He also said that from Edwards' offer to sign the proposal and Edwards' directions to lay the six driveways that were ready, plaintiff assumed defendant was accepting the proposal.

■ Defendant claims error in submitting the case to the jury because there was no evidence of a definite acceptance of plaintiff's offer, citing Brown v. Childers, Mo.App., 254 S.W.2d 275, and Shofler v. Jordon, Mo.App., 284 S.W.2d 612. Those

cases hold that an acceptance of a contract cannot be based alone on what one of the parties understood, but must be gathered from what the parties said and did. The trouble with defendant's argument is that its premise is based alone on plaintiff's statement that he *assumed* defendant was accepting the contract. The argument disregards plaintiff's testimony that Edwards said he was accepting the proposal, offered to sign and return it, told plaintiff to start on six driveways, and said that thereafter he'd have driveways ready six at a time. Whether there was a meeting of the minds is to be determined by what the parties said and did, and if the words and acts judged by a reasonable standard show an intention to agree to the matter in question, the agreement is established. Muegler v. Crosthwait, Mo.App., 179 S.W.2d 761 (4). We hold that plaintiff's evidence entitled him to go to the jury on the issue of defendant's acceptance of his offer.

Defendant claims error was committed in submitting the case because there was no evidence of plaintiff's damages, beyond that which could be reached only by speculation. Plaintiff offered evidence tending to show the amount of the contract price and the amount it would have cost him to complete the contract. There were 174 uncompleted driveways, and there was an "average of fifty to fifty-four" square yards per driveway, and the agreed price was $1.25 per square yard. Simple arithmetic could thus establish the minimum contract price of $62.50 for each driveway. Plaintiff testified as an expert as to what the cost would have been to complete the 174 driveways. He testified it would take him and his crew twenty-five minutes to pave a driveway of fifty square yards. He said that by working on as many as six driveways at a time, the cost of materials for each driveway would be $33.75, his workmen's wages would be $5.75, his machinery costs including depreciation would be $1.50, and his various insurance costs would be 50¢; all for a total cost of $41.50 for each driveway. Plaintiff's theory was that he

was entitled to recover the difference of $21.50 for each of 174 driveways.

Where a construction contract is breached by the owner's refusal to permit the builder to perform, the action is basically one for the breach of a promise to pay money. See Restatement of the Law, Contracts, pp. 578, 579(g) where it is said:

> "In order to put the builder in as good a position as he would have been in had the contract been fully performed, it is necessary to give him the full contract price less the amount that he saves by reason of the other party's repudiation * * *."

Where an owner breaches a construction contract by preventing the builder from doing the work the plaintiff's measure of damages is the contract price, less the amount it would have cost him to complete the performance of the contract. Crescent Mfg. Co. v. N. O. Nelson Mfg. Co., 100 Mo. 325, 13 S.W. 503(3); Dement v. McNail, Mo.App., 281 S.W. 128(3). Defendant contends that plaintiff kept busy on other jobs and hence was not damaged by the breach. That is true in instances of contracts for personal services, 56 C.J.S. Master and Servant § 59; Wessler v. City of St. Louis, Mo.App., 242 S.W.2d 289(2). But here, such subsequent gains were not the result of the defendant's breach and do not inure to the benefit of the defendant. Restatement of the Law, Contracts, p. 578; Grinnell Co. v. Vorhees, 3 Cir., 1 F.2d 693. Evidence of such subsequent profits is not admissible in construction contract cases. Crescent Mfg. Co. v. N. O. Nelson Mfg. Co., supra.

In urging the inadequacy of evidence as to damages, the defendant relies on the rule that anticipated profits are recoverable only upon showing of reasonable certainty, citing Wandell v. Ross, 241 Mo.App. 1189, 245 S.W.2d 689. That case and the rule therein relied upon apply to the anticipated profits which might have been made from the over-all operation of a going business.

We believe that the cases on recovery of special damages for anticipated profits of a going business must be distinguished from those where a builder seeks recovery of the gains he would have made but for having been prevented by the owner from performing a specific contract. In the former, a multitude of variable factors enter into the computation, and the courts are strict in evaluating the sufficiency of the evidence. Spruce Co. v. Mays, 333 Mo. 582, 62 S.W.2d 824(6); Tnemec Co. v. North Kansas City Development Co., Mo.Sup., 290 S.W.2d 169(5). In the latter type of case, only the contractor's cost of completing the work is uncertain, and this is a less complicated issue. As said in Kerns & Lorton v. Western Union Tel. Co., 170 Mo.App. 642, loc. cit. 648, 157 S.W. 106(3) 108:

"The rule that damages for loss of profits are not recoverable is not based on any objection to loss of profits as such. In the cases holding them not recoverable it will be found that it was because they were not susceptible of definite proof. The elements of the loss were so uncertain, contingent, and remote as to make the determination of the loss a pure guess. Where the profits depend on the business skill or ability of a person or firm, the state of the weather, the fickle favor of the public, the fluctuations of the market, and such like, they are held not recoverable because no definite proof can be obtained whereby the loss can be calculated, not because they are profits. Whenever the items of such loss can be ascertained with reasonable certainty they have been allowed. Hicks v. National Surety Co., 169 Mo. 479, 155 S.W. 71."

Recovery of the difference in amount between the contract price and the builder's probable cost of completion has been upheld on evidence comparable to that in this case. Smalley v. Wunderlich, Mo.App., 62 S.W.2d 919(7); Hillin v. La Fayette Land & Farming Co., Mo.App., 296 S.W. 243 (7). Accordingly, we hold that the evidence here was sufficient to permit the jury to assess plaintiff's damages.

Defendant complains of plaintiff's given damage instruction: "The Court instructs the jury that if you find in favor of the plaintiff and against the defendant in Instruction No. 1, then you shall assess the plaintiff's damages on the basis of his loss of profits for the breach of contract, said sum not to exceed $3654." In its motion for new trial, defendant complained specifically about the giving of this instruction because (1) there was no competent evidence of actual damage, (2) it failed to give the jury any guidance, help or direction in determining whether or not plaintiff had suffered loss by reason of defendant's actions, (3) it permitted the jury to speculate and guess as to the factors of plaintiff's damages, and (4) was indefinite. However, in defendant's brief its "Points Relied On" assert error in giving the instruction only because: "The instruction assumed that plaintiff had suffered a loss of profits as damages." We hold that nothing is thereby preserved for review. By attacking the instruction on specific grounds in its motions for new trial, the defendant is here confined to those specific objections. Jameson v. Fox, Mo.App., 269 S.W.2d 140 (3); White v. St. Louis Public Service Co., Mo.App., 249 S.W. 498(2). But, defendant has not carried any of those grounds forward into its brief here. The one ground mentioned in its brief is thus raised for the first time here on appeal, and so cannot now be considered. Block v. Rackers, Mo.Sup., 256 S.W.2d 760(3); Supreme Court Rule 3.23.

Defendant complains that plaintiff's verdict-directing instruction is erroneous because it "failed to hypothecate (sic) all essential facts." Defendant also complains of error in plaintiff's measure of damage instruction because it "failed to advise the jury as to the facts or elements to be considered in determining profits as ele-

ments of damages." What facts or elements? In Gelhot v. City of Excelsior Springs, Mo.App., 277 S.W.2d 650(8), 657, the Supreme Court held that nothing was preserved for review by a point of error that an instruction "omits essential facts necessary to be found by the jury to entitle plaintiff to a verdict." In Kennedy v. Hartwig-Dischinger Realty Co., Mo.App., 201 S.W.2d 475(11), 480, this court similarly refused to consider a point that an instruction was erroneous in failing to require findings of "the fundamental necessities of a cause of action which sounds in fraud, deceit, and concealment." Supreme Court Rule 1.08(d) "contemplates a particularization." Mannon v. Frick, Mo. Sup., 295 S.W.2d 158(16), 166. We are neither required nor inclined "to seine through the statement of facts or the argument in an effort to ascertain the contentions on which appellant relies." Beeler v. Board of Adjustment of City of Joplin, Mo.App., 298 S.W.2d 481(2).

Defendant claims error in the giving of plaintiff's verdict-directing Instruction No. 1 because it did not require a finding that plaintiff had suffered a loss. The instruction told the jury that if plaintiff sent defendant a written proposal for construction of the 180 driveways at defendant's request and defendant told plaintiff the proposal was acceptable, then there was a contract; that if defendant thereafter had another contractor build the last 174 driveways, then defendant had breached the contract, and "your judgment shall be in favor of the plaintiff and against the defendant Contemporary Homes Inc." Plaintiff's only other given instruction was No. 7, which merely told the jury that if they found for plaintiff under Instruction No. 1, then they should "assess plaintiff's damages on the basis of his loss of profits for the breach of the contract, not to exceed $3,-654." The essential elements of the plaintiff's case were the making of the contract, its breach, and his damage, based upon the contract price and plaintiff's ability to per-

form for a lesser amount. Instruction No. 1 directed a verdict for plaintiff without requiring a finding that he had been damaged, i. e., that the contract price exceeded the plaintiff's anticipated cost of completing the contract. This missing link was not supplied by plaintiff's measure of damage instruction.

An instruction which purports to cover the entire case and to direct a verdict must hypothesize every fact essential to plaintiff's right of recovery, and a failure to do so constitutes reversible error. See numerous cases Mo.Dig., Trial, ☞253(7). Plaintiff seeks to escape this rule by invoking its exception, that it is not necessary to hypothesize a conceded or uncontradicted fact concerning which there is no real issue. McCallum v. Executive Aircraft Co., Mo. App., 291 S.W.2d 650(9); Morris v. Equitable Assur. Soc. of U. S., 340 Mo. 709, 102 S.W.2d 569(8). And see Davidson v. St. Louis Transit Co., 211 Mo. 320, 109 S.W. 583(2), for a full discussion of the reason for the exception and its limited application. Here, the matter of damages was a prime element of plaintiff's case. It was denied by the answer. Although defendant offered no direct testimony contradicting plaintiff's evidence as to the amounts of the contract price or plaintiff's expected cost of completion, defendant objected thereto and vigorously cross-examined plaintiff on the several elements of the claimed damage. In Smalley v. Wunderlich, Mo.App., 62 S. W.2d 919, a similar instruction in a breach of building contract case was held reversibly erroneous even though followed by a proper damage instruction. So, we must hold that the giving of plaintiff's Instruction No. 1 was reversible error.

The judgment is reversed as to defendant Kemp and Edwards Construction Co., and reversed and remanded as to defendant Contemporary Homes, Inc.

MATTHES, Acting P. J., and ANDERSON, J., concur.