**Rudolph BEUC, Jr., Appellant,**

v.

**Joseph O. MORRISSEY, Jr., d/b/a Town & Campus of Minnesota, Respondent.**

**No. 55688.**

Supreme Court of Missouri, En Banc.

March 8, 1971.

Steiner & Fenlon, Jerome M. Steiner, Joseph A. Fenlon, Clayton, for appellant.

Foster, Vogel & Stroh, John H. Stroh, St. Louis, for respondent.

FINCH, Judge.

This is an appeal from a verdict and judgment for defendant in plaintiff's action to recover on a written contract whereby he was to prepare architectural plans. On appeal, the St. Louis Court of Appeals, having concluded that plaintiff's motion for directed verdict on liability should have been sustained, reversed and remanded for trial on the issue of damages only. On application, we ordered the case transferred on the theory that the opinion of the St. Louis Court of Appeals was in conflict with our decision in Kansas City Bridge Co. v. Kansas City Structural Steel Co., Mo., 317 S.W.2d 370. On transfer, we decide this case as though originally appealed to this court. Art. V, § 10, Constitution of Missouri, 1945, V.A.M.S. We reverse and remand for retrial.

Plaintiff, an architect, sued on a written contract dated January 29, 1965, wherein he agreed to furnish preliminary sketches and plans plus general contract working drawings for multiple living units to be constructed by defendant in Mankato, Minnesota. The contract gave no details as to size and number of buildings for which plans were to be prepared and contained no provision as to when plaintiff was to complete his work under the contract. It provided that the contract should be construed according to the laws of Missouri. Plaintiff's petition alleged that after he had partially performed his obligations under the contract, defendant notified him to stop work on the project, although plaintiff was ready, able and willing to complete the work. It also alleged that defendant then hired another architect to complete the plans and that defendant thereafter refused to pay plaintiff in accordance with the contract. The contract provided a formula for payment based on cost of construction and plaintiff sought recovery of what was allegedly the entire fee provided by the contract plus certain expenses. Plaintiff did not seek recovery on quantum meruit.

Defendant's answer was a general denial plus allegations that plaintiff failed to perform as required by the contract; that said performance by plaintiff was a condition to defendant's duty to perform; and that by reason of plaintiff's breach, the defendant terminated the contract.[1] The answer made no reference to what defendant

---

1. The answer also alleged certain additional asserted defenses but these are not involved in the questions on appeal and we do not detail them.

at the trial asserted to be a prior oral agreement that the plans were to be delivered by March 1, 1965.

The transcript on appeal is quite lengthy, but the disposition we make of this case does not necessitate a recital of all the evidence.

The testimony discloses that in December, 1964, defendant met with plaintiff relative to the possibility of plaintiff doing work for defendant involving two proposed construction projects, one at Springfield, Missouri (with which we are not concerned in this case) and one at Mankato, Minnesota. It was agreed at that time that plaintiff would do the work on the Mankato job and defendant gave plaintiff various plans of the Paxton Lumber Company (for a dormitory and a 24-family apartment building) which he desired altered and adapted for the project. Plaintiff conceded that defendant stated that he wanted the plans in a hurry and that someone from defendant's office stated they wanted the plans in order to get a loan commitment, building permits and firm bids. He also testified that defendant had said that he wanted to get the buildings completed in time for occupancy at the fall term, 1965, of the college at Mankato. Plaintiff denied, however, that defendant ever said to him that he wanted the plans by March 1, 1965. He further said that he did not recall that Bill Koman, an employee of defendant, ever said they wanted the plans by March 1. Defendant testified that in December, 1964, he told plaintiff he wanted the plans completed by March 1, 1965, and plaintiff agreed to furnish them by that time.

Plaintiff started work on the plans after the December, 1964, meeting. Subsequently, plaintiff prepared a written contract covering the Mankato job which he submitted to defendant and which both executed on January 29, 1965. That was the contract on which plaintiff brought suit.

Although defendant's answer made no reference to the alleged oral agreement as to time of performance, defendant consistently, in his deposition before trial and at the trial itself, maintained that there was an oral agreement that the completed plans were to be furnished by March 1, 1965. He tried the case on that theory and there was considerable evidence on the subject introduced at the trial, most of it without objection.

■ The question of whether such parol testimony that there was an earlier verbal agreement on a March 1, 1965, completion date is to be considered in determining the respective rights of the parties is one which we must decide at the outset as a prelude to the consideration of other questions presented on this appeal.

Plaintiff's position, briefly stated, is that the written contract of January 29, 1965, represented the entire agreement between the parties, all prior negotiations and agreements being merged therein. Plaintiff contends that defendant, by his testimony as to a prior verbal agreement that plaintiff should complete and deliver the plans by March 1, 1965, sought to contradict or vary the terms of the written instrument, in violation of the so-called parol evidence rule, and hence said evidence was inadmissible and cannot be considered. Rather, says plaintiff, the law implies a reasonable time for performance when the contract is silent as to a specific date therefor. Plaintiff adds that the fact that much of this evidence came in without objection is immaterial because actually the parol evidence rule is one of substantive law rather than of evidence, and such evidence must be ignored even if received in evidence without objection.

At the outset, we note that the parol evidence actually did not undertake to contradict or vary the written terms of the contract of January 29. That agreement said absolutely nothing about time for per-

formance by plaintiff.[2] The parol evidence only sought to show that the parties previously had agreed verbally on a time for performance and that the written contract was not a complete integration of their understanding.

This court, in Kansas City Bridge Co. v. Kansas City Structural Steel Co., supra, held that where a contract on its face discloses that it is incomplete as to time for performance, evidence of a prior oral agreement as to time for performance is admissible to rebut the presumption that plaintiff has a reasonable time for performance (which presumption would prevail in the absence of a prior or contemporaneous agreement as to a specific time for performance). In so holding, the court recognized that there is a split of authority on the question of whether, when a written contract is silent as to time of performance, there is to be a conclusive presumption that the parties, by such silence, intended that there should be a reasonable time for performance (just as though they had specifically so stated in the contract) or whether the doctrine of partial integration should be applied so as to permit oral evidence of agreement on a matter which the written contract did not purport to cover. It also recognized that various earlier Missouri decisions had held that it was improper to admit evidence of a prior verbal agreement as to time of performance. However, after reviewing various authorities, the court held that such earlier cases no longer should be followed. The court then concluded, 317 S.W.2d l. c. 376, that: "A rule which, in this case, would prohibit the jury from considering the testimony concerning the prior oral agreement as to time of performance and to determine therefrom whether that prior oral agreement was in fact made and, if so, whether it was in fact a part of the total contract between the parties, would, it seems to us, prevent the jury from considering evidence which should be considered by it in deciding the rights of the parties under all the evidence."

Plaintiff, in this court, contends that the rule announced in Kansas City Bridge Company is not good law, but, in our view, the rule is sound. We subscribe to the analysis of this type of situation contained in Corbin on Contracts, § 593, pp. 555–559 (cited and relied on in Kansas City Bridge Company), as follows:

"In the making of contracts, the parties often express their agreement on several terms, leaving some others unconsidered or, at least unexpressed. This does not necessarily prevent the existence of an enforceable contract. For example, they may agree upon a sale of goods without specifying the time or place of delivery or the time of payment. The law will often supply such a gap by requiring delivery 'within a reasonable time' or payment 'on delivery.' In such cases, it is possible that the parties did so agree, without putting their agreement into words; but the result is the same even though the court is convinced that they did not think of the time or place element at all.

"Suppose, however, that the parties did in fact think of these matters and orally agreed upon a specific time for payment and a definite time and place for delivery of goods, making this oral agreement simultaneously with the execution of a writing that states all the other terms of the selling agreement. Does the 'parol evidence rule' prevent the enforcement of the oral agreement as to time and place, on the ground that it contradicts and varies a completely integrated written contract? The cases show that the courts have floundered and disagreed in answering this question.

2. The contract also was incomplete in other respects in that there was nothing stated as to the number or style of buildings, the contract not showing that there was to be a dormitory and several 24-family apartments constructed. There were no specifications regarding construction or equipment, and the written agreement neglected to mention that plaintiff was to adapt the Paxton plans and was to plan the location of the buildings on the site.

The answer should be No; the writing is only a partial integration.

" * * * By the weight of authority, supported by the better reason, oral testimony is admissible to prove that a time or place was agreed on and to rebut the usual presumptions and inferences that would otherwise prevail. The contrary is held in a smaller number of cases. Oral testimony admitted for this purpose is not varying or contradicting the writing; it is merely enabling the court to fill a gap by adding something that is not expressed in the writing at all. Nor is it the contradiction of a meaning found by interpretation or implication in fact. * * * "

Accordingly, we hold that the evidence as to a prior parol agreement as to the time of performance was admissible to rebut the usual presumptions and inferences that otherwise would prevail.[3]

 Relying on cases such as Coleman v. Jackson County, 349 Mo. 255, 160 S.W.2d 691, which recognized an exception to the usual rule against directing verdicts in favor of proponents upon whom the law casts the final burden of proof, plaintiff asserts as his first proposition that the trial court erred in overruling his motion for a directed verdict (and, as a corollary, it erred in its subsequent refusal to set aside the verdict and enter judgment for plaintiff). His contention is that defendant, by his own evidence, has established all elements essential to plaintiff's case and failed to produce evidence as to his affirmative defense, leaving no issue of fact for the jury. However, this premise must fail, in view of our conclusion that evidence as to a prior parol agreement relative to time of performance was admissible, thus creating issues of fact as to whether such parol agreement was made and whether plaintiff complied with his obligations thereunder. Consequently, plaintiff could not have been entitled to a directed verdict under the doctrine of cases such as Coleman v. Jackson County, supra.[4]

Plaintiff's next contention is that he should have a new trial for the reason that Instruction No. 5, given at defendant's request, was prejudicially erroneous. That instruction was as follows:

"Your verdict must be for Defendant if you believe that:

First, Defendant demanded Plaintiff perform his obligations under the agreement, and

Second, Plaintiff failed to perform his obligations under the agreement, and

Third, Defendant was ready, willing and able to perform, and

Fourth, that in so doing Plaintiff breached the agreement."

 Concededly, this instruction was given by defendant for the purpose of submitting to the jury the affirmative defense that plaintiff breached his obligation to deliver the plans by March 1, 1965, allowing defendant to terminate the contract for that

---

3. While not applicable in this case, it is of interest to note that § 400.2–202, V.A.M.S., a section of the Uniform Commercial Code which became effective July 1, 1965, as explained in the Missouri Code Comment and the Uniform Commercial Code Comment which follow said section, allows the introduction of evidence of a prior or contemporaneous oral agreement to explain or supplement the written agreement, and would seem to be in accord with the decision in Kansas City Bridge Co. v. Kansas City Structural Steel Co., supra, and the result which we reach.

4. As a part of this contention, plaintiff's brief asserts that even if defendant had a right to terminate by reason of a fixed date for completion by plaintiff, he waived such right by his subsequent conduct in making a partial payment to plaintiff and calling on him after March 1, 1965, demanding the plans. However, waiver was not pleaded by plaintiff nor submitted to the jury. It was not raised in after-trial motions in the circuit court. It may not be asserted for the first time on appeal. On retrial there will be an opportunity to plead and submit this issue.

reason.[5] Defendant's brief, in explaining and justifying the affirmative defense submitted by Instruction No. 5 says: "The theory of the defense was that plaintiff's performance of his contractual duties as proven was a condition to defendant's duty to perform, and by plaintiff's failure to perform a material duty under the contract which went to the substance of the contract, thereby committing a breach of contract, defendant was entitled to declare the contract, and his obligation to perform thereunder, terminated."

■ As noted, the affirmative defense was that defendant justifiably terminated the contract. Defendant's answer so pleaded and his brief recognizes that this was the affirmative defense. Instruction No. 5 required the jury to find the facts relied upon by defendant as a basis for a right to terminate by requiring a finding that defendant was ready, willing and able to perform, that he demanded that plaintiff perform, and that plaintiff failed to do so, thereby breaching his agreement. However, the instruction does not go ahead and require that defendant actually terminated the contract. Without that finding, it did not submit the pleaded defense of justifiable termination of the contract. Therefore, Instruction No. 5 was deficient and was prejudicially erroneous.

Plaintiff is entitled to a new trial for error in Instruction No. 5 unless, as defendant contends, the trial court should have sustained defendant's motion for a directed verdict at the close of the case. Defendant says that the motion should have been sustained because plaintiff failed to establish an essential element of his case in that he failed to prove that he suffered any loss as a result of the asserted breach of contract by defendant. He points out that plaintiff did not seek to recover on the theory of quantum meruit but instead sued for his actual loss. Citing Sides v. Contemporary Homes, Inc., Mo.App., 311 S.W. 2d 117, he says that such loss is the contract price, less the cost of completion of plaintiff's performance, and that plaintiff did not offer proof of the cost of completion.

■ While plaintiff's proof as to damages, and particularly as to cost of completion, left something to be desired, we cannot say that it was so completely deficient that it can be said that he failed to establish his case, thereby entitling defendant to a directed verdict, under the rules stated in Sides v. Contemporary Homes, Inc., supra. Plaintiff did offer proof that he had completed 95 per cent of the work on the 24-unit plans and 50 per cent of the work on the dormitory plans when he was told to stop work on March 15. He further testified that he had employed two men to help complete the project and that he kept them on the payroll for four weeks after he was told on March 15, 1965, to stop work. The latter would be some proof of actual expense incurred for the purpose of completing the plans. Upon a retrial, plaintiff would be well advised to make proper proof as to his asserted loss. In that connection, we note that Instruction No. 3, plaintiff's verdict-directing instruction, did not require the jury to find that plaintiff was damaged as a result of breach of contract by defendant. Such a finding is necessary. See MAI 26.02. Furthermore, Instruction No. 6, the measure of damage instruction, did not conform to or comply with MAI 4.01 which it should have followed. The instruction as given was not in acceptable form.

Reversed and remanded.

All concur.

---

5. Instruction No. 5 cannot be and is not justified as a converse instruction. Defendant gave a true converse (Instruction No. 4) to plaintiff's verdict-directing instruction. He is entitled to only one converse. Murphy v. Land, Mo., 420 S.W.2d 505.