**Mary E. VINCENT, Appellant,**

v.

**Elmer RAFFETY, Respondent.**

No. 23222.

Kansas City Court of Appeals.

Missouri.

March 6, 1961.

John C. Milholland, A. J. Anderson, Harrisonville, for appellant.

Robert W. Spangler, Elvin S. Douglas, Jr., Harrisonville, for respondent.

HUNTER, Presiding Judge.

This is a suit for $12,500 for damages for personal injuries sustained by plaintiff, Mary E. Vincent, while riding in Drexel, Missouri, as a passenger in an automobile which collided with an automobile owned and operated by defendant, Elmer Raffety.

It was plaintiff's contention which she undertook to support by evidence that the car in which she rode, and which was being driven by her husband, had backed out about three feet from an angle parking space on Main Street and had stopped for three or four seconds when defendant's car struck the Vincents' partly backed out car, and that defendant had negligently failed

to see the Vincent car because he was looking the other way.

It was defendant's contention which he endeavored to support by evidence that as he was proceeding east on Main Street, the Vincent car which had been angle parked on the south side of Main Street backed out into the path of his oncoming car when he was so close that although he immediately applied his brakes and endeavored to swerve he was unable to avoid striking the Vincent car.

The jury found the issues for the defendant. Plaintiff has appealed from the resultant judgment, claiming she was entitled to a directed verdict on the issue of negligence, and that the trial court erred in giving and in refusing to give certain instructions.

Plaintiff's first contention is that the trial court erred in refusing to give Instructions Nos. 19 and 20, the effect of each of which is to direct a verdict for plaintiff on the issue of negligence. It is plaintiff's position that defendant by his own evidence established his negligence in that he stated that although there was no other traffic on Main Street he did not see the Vincent car until he was only twenty feet or so from it, and was then so close he didn't have time to avoid hitting it. According to plaintiff this failure to see what was plainly visible is a breach of defendant's duty to exercise the highest degree of care to keep a vigilant outlook ahead and laterally and constitutes negligence as a matter of law.

The infirmity of plaintiff's contention is that the pertinent evidence does not support it. By way of background, plaintiff had testified, "There was another car parked there and it was angling and we parked by the side of that car." Defendant testified that as he started across the intersection of Main and Second Street he looked to the north and south and as there wasn't anyone coming he proceeded across the intersection. Then, "just as I crossed the street I seen this car backing out and I

was right close and I started to stop, put my foot on the brake and it was so close I didn't have time to stop and I hit it. * * * Q. And how far were you from this car when you saw it backing out? A. Oh, probably 20 feet or so. Q. Then what did you do? A. As soon as I saw him backing out I started to stop and swerved the car what I could and applied my brakes." He stated he was practically stopped at the time of impact—five miles per hour or less. On cross-examination defendant was asked, "Q. Now the first time you saw the Vincent automobile it had already backed out into a position where it was stopped and where it was when you struck it * * *? A. No, sir. * * * I said it was backing out. * * * The car was backing and I started to stop and I said the car was back five or six feet when we hit, I don't know how far it was back when I first seen it."

We do not believe that this testimony is an admission by defendant that he didn't see the Vincent car until it had already backed out six feet into the path of defendant's car. The jury could find defendant was aware of the Vincent car's motion just about as soon as it started backing up, for while defendant's car traveled the mentioned twenty or more feet at a speed varying from twenty miles per hour to less than five miles per hour, according to defendant the Vincent car was continuing to move backward to the point of impact, a distance of some five or six feet from where it commenced its backward movement.

The established rule under which plaintiff wishes to come is that a verdict may be granted plaintiff where the defendant's own testimony conclusively shows his liability. See, Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282(1). However, where it cannot be said that all reasonable men would draw the same conclusions of liability from defendant's testimony no verdict for plaintiff should be directed. See, 53 Am.Jur., Trial, Secs. 386–87, pages 311–12; Annotation, 50 A.L.R. 980; 169 A.L.R. 799, 800. The testimony of defendant re-

lied upon by plaintiff is not such as to leave no room for reasonable minds to differ as to the conclusion to be drawn from the evidence concerning negligence by defendant. It would permit inferences other than a failure by defendant to exercise the highest degree of care under the circumstances in keeping a lookout for other traffic upon the street. Thus the particular inference to be drawn is for the jury and not the court.

What we have said also disposes of plaintiff's contention that Instructions Nos. 19 and 20 directing a verdict for plaintiff should have been given for the alleged reason defendant's own evidence showed that after the danger of collision became apparent he could have stopped or swerved so as to avoid the collision. Plaintiff particularly emphasizes defendant's testimony that defendant was driving about ten to fifteen miles an hour when approximately twenty feet away he noticed the Vincent car backing up. Defendant's evidence as to speed and distance plainly were approximations or estimates and not measured distances or speed. At fifteen miles per hour the average reaction time, which according to plaintiff's own evidence, was ¾ of a second, would indicate one would travel 16.8 feet before effective braking action. Defendant testified he took such evasive and stopping action as was possible—that he applied his brakes, slowed and swerved all he could. The testimony of defendant relied on by plaintiff is not such that all reasonable men could conclude only that under the circumstances defendant failed to exercise the highest degree of care in the particulars charged. Thus, the matter was for the jury to determine as a fact question, and not for the court to determine. We find no merit in plaintiff's first contention.

Secondly, plaintiff contends the trial court erred in giving Instruction No. 13, a sole cause instruction, at the request of defendant because "(a) The evidence most favorable to defendant failed to completely exonerate him of fault in that his own evi-

dence showed him guilty of negligence and he therefore was not entitled to a sole cause instruction; (b) It erroneously instructed the jury that as a matter of law that plaintiff's driver backed his automobile in 'close proximity' to defendant's automobile when under the evidence that fact was in dispute; and (c) It erroneously stated the law and imposed the absolute duty on plaintiff's driver to avoid the collision or be found negligent in conjunction with other stated grounds of sole cause negligence."

■ It is the established rule that if the defendant's evidence completely exonerates him of fault and is susceptible of an hypothesization demonstrating that the plaintiff's injuries were not due to the defendant's acts or conduct but were wholly and alone due to the negligent acts or conduct of some third person or of the plaintiff, the defendant is entitled to an instruction submitting those facts to the jury as his theory of the case and the reason he should be exonerated. Semar v. Kelly, 352 Mo. 157, 176 S.W.2d 289, 291; Gower v. Trumbo, Mo.Sup., 181 S.W.2d 653(3).

■ As we read plaintiff's assignment of error, part (a), it is that there was no evidence adduced upon which to base or permit a sole cause instruction rather than a claim that the instruction itself failed to sufficiently hypothesize facts showing defendant's freedom from negligence. The evidence is such that a jury could find that as defendant was operating his automobile east on Main Street at ten or fifteen miles per hour plaintiff's husband backed his car out suddenly five or six feet into the immediate path of defendant's car in such a time and manner as to cause the collision without any fault or negligence on the part of defendant, and that it was plaintiff's husband's negligent act in so doing that was the sole cause of the accident.

■ In passing we note that the appellate courts of the state are committed to the principle that when the evidence does permit the giving of a sole cause instruction,

the sole cause instruction must itself hypothesize facts, which if found to be true by the jury, completely exonerate the defendant of fault and consequent liability. The instant instruction in this respect is no model. However, plaintiff has not made that charge as an assignment of error and we do not pass upon that aspect of the instruction, nor the extent to which that instruction is clarified and amplified by the counter sole cause instruction given at plaintiff's request. See, Gower v. Trumbo, supra, loc. cit. 655; Happy v. Blanton, Mo. Sup., 303 S.W.2d 633.

Instruction No. 13 provided in part that *"if you believe and find from the credible evidence that at the time and place mentioned in evidence"* that as defendant approached the parked Vincent car, that its driver Roy Vincent, did proceed to drive and back it "from its parking place a distance of three to five feet into the traveled portion of said Main Street and into the path of the Raffety car without first ascertaining that the way was clear of oncoming traffic and that he could do so with safety, *and that he did so operate and back his said Ford car in such close proximity* to the Raffety automobile and at a time when he knew or by the exercise of the highest degree of care should have known that to do so was dangerous and constituted an immediate hazard and danger of collision between the automobile he was driving and the eastbound car of defendant Raffety, *and if you find these were the facts and that such was negligence* on the part of Roy Vincent, the driver of the automobile in which plaintiff was riding, which negligence was the sole proximate cause of the collision and the injuries plaintiff suffered, if any, and that defendant Raffety was not negligent as submitted in other instructions, then you must find the issues for defendant Raffety and against the plaintiff." (Italics ours.)

■ We do not believe that Instruction No. 13 reasonably construed assumes as a fact that Roy Vincent backed his Ford in "close proximity" to defendant's oncoming vehicle. Rather, the instruction recognizes that under the evidence that matter was in dispute, and required the jury to determine that question. Additionally, we note that Instruction No. 2, given at plaintiff's request stated, "The jury is further instructed that the court does not mean for you to assume as true or established any of the matters mentioned or referred to in the instructions, but leaves you to determine from the evidence whether or not such matters have been established as facts by the evidence." We find no merit in plaintiff's assignment of error II(B).

■ Although plaintiff's assignment of error II(C) is limited, in her argument in support thereof plaintiff goes beyond it in her contentions. First, plaintiff states the instruction assumes Mr. Vincent's duty in backing up was absolute in that he could not do so without first positively ascertaining he could do so with safety and that the way was clear of oncoming traffic. The instruction requires the jury not only to determine the hypothecated facts but also to decide whether or not they amount to negligence. The terms "negligence" and "negligent" were fully and accurately defined in Instruction No. 7 given at plaintiff's request. The jury was required to pass on the fact issue of negligence on the part of Mr. Vincent, and such negligence was not assumed by the instruction. Next plaintiff suggests the instruction assumes, contrary to law, that defendant had the right of way on Main Street. We find no such assumption in the instruction. Defendant also says the instruction imposed a different lookout duty on Roy Vincent than that imposed upon the defendant. Again, we do not think so. See, McCloud v. Saling, Mo.App., 259 S.W.2d 699(3). Plaintiff's assignment of error II(C) is found to be without merit.

■ Plaintiff's third contention of error is that the trial court erred to her prejudice in failing to give plaintiff's Instruction No. 17 to the jury and in giving in lieu thereof Instruction No. 9 at the request of defend-

ant. Plaintiff's supporting reason is that her Instruction No. 17 is a legally correct, concise statement of plaintiff's burden of proof and that Instruction No. 9 is erroneous in that it is too long, repetitious and confusing. We have carefully examined both instructions. It would serve no useful purpose to set them out verbatim. Comparatively speaking, plaintiff's Instruction No. 17 is to be preferred for it is both concise and correct while Instruction No. 9 is unnecessarily verbose and lengthy. As stated by plaintiff, for years the trial bench and bar have been urged to abandon the long and repetitious forms of instruction verging upon the argumentative in favor of a short, simple instruction. See, Phillips v. Vrooman, 361 Mo. 1098, 238 S.W.2d 355, 360; Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, 533. He who refuses to follow this suggestion so often given and who insists upon the use of a long, repetitious form of instruction verging upon the argumentative runs the full risk that in a close case, as applied to the particular facts, it may be found to be prejudicial and reversibly erroneous. However, we are unwilling to say that the particular instruction before us—Instruction No. 9—because of its length and verbosity is erroneous. We do not find this instruction to be confusing, nor does it misdirect; and we carry the strong conviction that the jury was not misled by it or by any of the other numerous instructions given at the request of one or the other of the parties including a counter burden of proof instruction given at plaintiff's request. Since Instruction No. 9 fully instructed the jury on the burden of proof and the trial court elected to give it, plaintiff cannot successfully claim error in the refusal of the trial court to give her Instruction No. 17 on the same subject.

Plaintiff's final contention is that Instruction No. 9 required plaintiff to prove her exercise of ordinary care and to disprove her driver's sole cause negligence. In Byrd v. McGinnis, Mo.Sup., 299 S.W.2d 455, 458, Judge Eager speaking for the Supreme Court ably discusses the danger in certain types of cases of reversible error resulting from a burden of proof instruction worded to require plaintiff to prove by the preponderance of the evidence "the facts which you have been told in other instructions are necessary * * * to entitle plaintiff to recover." Certainly, care should be taken to avoid the danger.

As we have indicated, the instruction certainly is no model but it does not result in the reversible error plaintiff suggests. The requirement that plaintiff prove her exercise of ordinary care, if it be viewed as a requirement, (contributory negligence was not a submitted issue in the case) results from two instructions given at plaintiff's own request. Plaintiff's main instruction, No. 1, required the jury to find from the evidence that she exercised ordinary care for her own safety. Plaintiff's Instruction No. 3 provided, "The court instructs the jury that if you find from the greater weight of all the credible evidence the facts to be as submitted to you in instruction No. 1 then the plaintiff has met and carried the burden of proof required of her under the law and the instructions herein in regard to her claim against the defendant, Elmer Raffety."

Having by her own burden of proof instruction assumed the burden of proving by the greater weight of the credible evidence the facts hypothecated in her Instruction No. 1, including her exercise of ordinary care, she is in no position to successfully complain that defendant's burden of proof instruction had the same effect, even if we were to assume it did. Additionally, in view of all the instructions, including No. 3, we are convinced the jury as reasonable men were not misdirected or confused as to who had the burden of proof on the sole cause defense.

We have examined all of plaintiff-appellant's contentions of reversible error and having found none, we affirm the judgment.

All concur.