**Gladys Miller EDENS, Appellant,**

v.

**Marie MYERS, Respondent.**

No. 49299.

Supreme Court of Missouri,

Division No. 1.

March 11, 1963.

Donald L. Randolph, Kansas City, for appellant.

Lester J. Vandever, and Deacy & Deacy, Kansas City, for respondent.

HOUSER, Commissioner.

Action for $45,000 damages for personal injuries. Jury verdict for defendant. Plaintiff appeals.

On August 14, 1959 plaintiff was driving an automobile out of a parking lot in a line of traffic. Ruth McCarty, a passenger in plaintiff's automobile, was sitting in the right front seat. The two cars immediately in front of plaintiff's car came to a stop. Plaintiff in turn stopped the car she was driving. While plaintiff's car was standing stationary plaintiff heard her name called. Plaintiff turned her head to the left to "spot" the person calling her name. While she was looking to the left plaintiff's car was struck on the right front door by the rear end of defendant's automobile, which was backing out of an adjacent parking "slot." Before the accident happened plaintiff had not looked in the direction where defendant's car had been parked. At the moment of collision plaintiff had one hand on the steering wheel and her body was in a twisted position.

As defendant prepared to leave the space where her car was parked she entered her car and looked to her left. There were no cars in that direction. Then she looked to her right. Seeing no cars to the right she "started backing out, very slow, just easing out, and [she] felt a little bump—." Defendant did not see plaintiff's car at any time before the accident and did not know where plaintiff came from. Defendant's car, going 1 or 2 m. p. h., "just barely creeping backwards," traveled about 5 feet from its parked position before the impact. It was but a slight impact, a little, small bump. Defendant "barely felt it." The only noise was a dull thud.

Plaintiff claimed, however, that she felt a severe jolt; that her head was jerked back and she felt a pain in her neck. Plaintiff was not thrown about in the car. No part of her head or body struck anything. Passenger Ruth McCarty's neck was not snapped back as a result of the little blow and she was not injured. No damage was done to the rear bumper or other parts of defendant's car. The only damage done to the car plaintiff was driving was a small dent in the right door. Plaintiff got out of the car and talked to defendant. Defendant asked plaintiff if she was injured. Plaintiff said "No." Plaintiff made no complaint of

injury to anyone at the scene. Plaintiff was more worried about the car she was driving—a borrowed car. After the collision plaintiff picked up Gladys Verback, who had witnessed the collision, and drove 12 miles to Independence with her two passengers. During the trip plaintiff said nothing about having been injured; made no complaint on injury; spent her time talking about an accident in which she had been involved three or four weeks previously.

In her deposition plaintiff denied ever having received any accidental injuries of any kind, except a broken ankle at age 18, and denied having been in any automobile accident in her life other than the accident of August 14, 1959. At the trial this testimony was impeached by the following evidence: Approximately one week before August 14, 1959 plaintiff had been in a strikingly similar accident. Another motorist had backed a car into plaintiff's automobile, that time striking the left front door. That impact was more violent and the damage to the cars more severe than the instant case. As a result of that collision plaintiff's car was in the garage for repairs and she was using a "loaner" on August 14, 1959. Plaintiff was shown to have been a participant in other accidents, as follows: A fall at Easter time, 1959, resulting in a trip to the hospital for X rays, and the application of a cast; two falls to the floor in the plant where she worked; an accident in 1951; many falls on the ice and snow; and a back strain when reaching over to pick up a bottle of starch. On September 2, 1959—the first time she went to a doctor after the slight collision with defendant's car—plaintiff complained not about a whiplash injury to the neck from an automobile collision, but that two weeks previously she had been *hit on her right upper jaw by her niece while lying on a bed*. Plaintiff was a "nervous wreck" before this happened, and had a long prior medical history.

Plaintiff introduced medical evidence that the accident of August 14, 1959 could have caused the sprain of the cervical muscles, and sprain of the neck, chronic type, right cervical nerve root irritation from ligamentous sprain and low back sprain, with which they found plaintiff was suffering. Defendant's doctor's examination of plaintiff failed to reveal evidence of any injury due to the accident and he was of the opinion that the slight impact could not have caused the injury for which she filed suit. He attributed her condition to fibrositis and arthritic changes.

■ Plaintiff makes three points. First, she contends that "The verdict is not supported by the evidence and the court erred in entering judgment thereon" for the reason that it was "conceded at the trial that defendant backed her automobile into the stationary automobile in which plaintiff was seated behind the steering wheel. Reasonable minds could not differ in finding an invasion of plaintiff's right by defendant's negligence. Where it clearly appears that the verdict is not supported by the evidence the judgment will be reversed and a new trial granted." In view of the fact that plaintiff had the burden of proof it was not necessary to have substantial affirmative evidence, or any evidence at all, to support the defendant's verdict. Conser v Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W. 2d 587, 590 [5]; Conley v. Crown Coach Co., 348 Mo. 1243, 159 S.W.2d 281, 283 [1].

■■ Second, plaintiff contends that she was entitled to judgment as a matter of law since her "legal right was infringed," and that the court erred in receiving a verdict which did not allow at least nominal damages. If plaintiff is saying that the court should have directed a verdict for her at the close of the evidence she is in no position to make this claim, not having filed a motion for a directed verdict. Heideman v. Lorenz, Mo.Sup., 349 S.W.2d 230, 232 [2]. Aside from that deficiency, defendant's concession that she backed her automobile into the side of plaintiff's automobile did not entitle plaintiff to a judgment as a matter of law. Even if defendant had presented

no evidence in defense of her conduct, plaintiff would not have been relieved of the burden of proving the essential elements of her cause of action. Schaefer v. Accardi, Mo.Sup., 315 S.W.2d 230, 232 [2, 3]. But defendant did offer evidence in defense: that she looked both ways, did not see the car plaintiff was driving, "eased out slowly," thus testifying to facts which would support a finding that she exercised the required degree of care and was not negligent. Another essential element of plaintiff's cause of action in addition to the element of negligence was that of injury. Defendant made no judicial admission that plaintiff sustained injuries as a result of the collision. Whether plaintiff was injured as a result of the collision was a hotly contested issue. Plaintiff's proof of injury consisted of oral testimony which the jury was not required to believe. Schaefer v. Accardi, supra, 315 S.W.2d, l. c. 233. The trial court properly submitted the case to the jury on all three issues, negligence, causation and injury, and did not err in receiving a verdict which did not award plaintiff at least nominal damages.

■ Third, plaintiff makes the point that the court erred in giving the following Instruction No. 5: "The Court instructs the jury that the fact that the plaintiff has brought suit claiming defendant was negligent and claiming that plaintiff was injured as a direct result of such alleged negligence is no evidence whatever that defendant was in fact negligent nor that plaintiff was injured as a direct and proximate result of such alleged negligence. Negligence is not in law presumed but must be established by proof as explained in other instructions. Neither are you permitted to base a verdict entirely and exclusively upon mere surmise, guesswork or speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent as submitted in other instructions and that such negligence, if any, was a direct and proximate cause of plaintiff's being injured or that plaintiff was

injured as a direct and proximate result of the collision in evidence without resorting to surmise, guesswork or speculation, outside and beyond the scope of the evidence and the reasonable inferences deducible therefrom, then it is your duty to and you must return a verdict against the plaintiff and in favor of the defendant."

Appellant says No. 5 is unwarranted by the evidence and injects a false issue in the case, namely, the issue of negligence. As indicated, the issue of negligence was live and properly submitted to the jury by Instruction No. 1, given on behalf of plaintiff. There was no error in giving cautionary Instruction No. 5 with reference to the charge of negligence.

■ Appellant asserts that No. 5 is argumentative, repetitious, confusing, misleading, unfair comment and amounts to a lecture to the jury. In support of this thesis appellant cites Byrd v. McGinnis, Mo. Sup., 299 S.W.2d 455 and Vincent v. Raffety, Mo.App., 344 S.W.2d 293. The former case involves a burden of proof instruction, not one similar to No. 5. The instruction challenged there was approved. The case is cited for the court's admonition to the bar to adopt and use more concise forms of instructions on burden of proof, without repetition and argument. We agree but do not find the principle applicable. Vincent v. Raffety relates to a burden of proof instruction which was not reproduced in the opinion but in referring to plaintiff's contention that the instruction was unnecessarily verbose and lengthy the writer of the opinion noted that the bar has been urged to abandon long, repetitious instructions verging on the argumentative in favor of short, simple instructions. While the views therein expressed are still held, we do not find reversible error in Instruction No. 5 on the ground that it is long, repetitious or argumentative. In view of the uncertainty of plaintiff's proof on the elements of causation and injury it was altogether proper to give Instruction No. 5, cautioning the jury

against resorting to surmise, guesswork and speculation.

The judgment is affirmed.

COIL, C., not participating.

HOLMAN, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.