**M.F.A. CENTRAL COOPERATIVE, a corporation, Plaintiff-Appellant,**

v.

**Carl HARRILL and Verla Harrill, Defendants-Respondents.**

**No. 8487.**

Springfield Court of Appeals.

Missouri.

July 11, 1966.

plies allegedly sold and delivered to defendants Carl Harrill and Verla Harrill, husband and wife. Defendants responded with (a) an answer in which they admitted only plaintiff's corporate status and denied all other averments of the petition and (b) a counterclaim in which they sought damages in the sum of $10,000 for alleged drastic reduction in the milk production and market value of their dairy herd by reason of sickness in the herd claimed to have been caused by plaintiff's feed delivered about October 1, 1961. At the conclusion of a bitterly-contested trial, this unanimous verdict was returned: "We the jury find the issues in favor of the defendants upon plaintiff's claim and for the plaintiff upon defendants counterclaim. We the jury fell (sic) defendants counterclaim should be 1135.42." (During the trial, the balance claimed on the open account had been reduced to $1,135.42 by crediting thereon a "patronage refund check" of $14.17.) Upon this verdict accepted without comment or objection by court or counsel (and not mentioned in any after-trial motion), judgment was entered "that plaintiff take nothing on its claim against the defendants" and "that the defendants take nothing on their counterclaim against the plaintiff."

Plaintiff filed an after-trial motion for judgment in accordance with its motion for directed verdict on its petition at the close of the evidence or, in the alternative, for a new trial on its petition; and defendants filed an after-trial motion for a new trial on their counterclaim. Both after-trial motions were denied by operation of V.A.M.R. Rule 78.04. Thereafter, plaintiff appealed from the adverse judgment on its petition; but defendants did not appeal, so the judgment for plaintiff on defendants' counterclaim must be accepted as a final adjudication of the issues raised thereby.[1]

Belisle, McNabb & Kyser, Butler, for plaintiff-appellant.

Ralph E. Smith, Butler, for defendants-respondents.

STONE, Presiding Judge.

In its first amended petition on which this case was tried, plaintiff M.F.A. Central Cooperative, a corporation, sought judgment in the sum of $1,149.59 as the balance on an open account for dairy feed and sup-

---

1. Hardin v. Ray, Mo.App., 404 S.W.2d 764, 769(5); Bybee v. Dixon, Mo.App., 380 S.W.2d 539, 540(1); Welch v. Mischke, 154 Mo.App. 728, 738, 136 S.W. 36, 40

(6). See King v. King, Mo.App., 382 S.W.2d 819, 820(1); Wilson v. Motors Ins. Corp., Mo.App., 349 S.W.2d 250, 251.

■ Two points are presented in plaintiff's brief, to wit, (1) that the trial court erred in overruling plaintiff's after-trial motion for judgment in accordance with its motion for directed verdict on its petition at the close of the evidence "because plaintiff's evidence clearly established liability on the part of the defendants and because of the admissions in defendants' testimony and pleadings," and (2) that the trial court erred in overruling plaintiff's motion for new trial "because the verdict was against the weight of the evidence and because of the defendants' admissions in their testimony and pleadings." In failing to file a brief, defendants-respondents have indulged a practice neither helpful nor commendable and have left us dependent upon plaintiff's-appellant's presentation and our own research. Mannon v. Frick, 365 Mo. 1203, 1205, 295 S.W.2d 158, 161; M.F.A. Co-op. Ass'n. of Mansfield v. Murray, Mo. App., 365 S.W.2d 279, 285. See Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 319.

■ *Was plaintiff entitled to a directed verdict on its petition?* The law governing the direction of a verdict for the party carrying the burden of proof is well-articulated in this oft-quoted [2] statement from Coleman v. Jackson County, 349 Mo. 255, 261, 160 S.W.2d 691, 693(2): "It is a generally accepted rule in this state that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof. (Citing cases) There is, however, a well-recognized exception to the rule. *If the opponent, that is the party not having the burden of proof, admits* either in his pleadings or by counsel in open court or *in his individual testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a*

*verdict may be directed against him,* and if the proof is altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass. (Citing cases)" (All emphasis herein is ours.)

Under the italicized exception, we are of the opinion that the trial court erred in refusing to direct a verdict in favor of instant plaintiff and against *defendant Carl Harrill* and likewise in overruling plaintiff's after-trial motion for judgment against him. Called to the witness stand by plaintiff's counsel, defendant Carl glibly stated that "I carried the credit card with M.F.A. all the way through" and "bought the feed in Carl Harrill's name in Butler at M.F.A.," readily conceded that "I'm not questioning" receipt of any of the items billed in the account, and frankly admitted that the charges for those items were fair and reasonable—"I never questioned the price on them at all." The statement of account reflected fifty-one charges aggregating $4,020.25 and eighteen credits aggregating $2,870.66, which left a balance of $1,149.59 for which suit was brought, that balance ·being subsequently reduced to $1,-135.42 by a credit of $14.17 for a "patronage refund check." If any additional credits on account had been claimed by defendant Carl, it would have been incumbent upon him so to have pleaded affirmatively and the burden of proving those credits would

---

2. Chandler v. Gorda, Mo., 384 S.W.2d 523, 525; Charles F. Curry & Co. v. Hedrick, Mo., 378 S.W.2d 522, 531 (4); Prevost v. Wilkin, Mo.App., 358 S.W.2d 417, 418–419(2); Fields v. Kansas City, Mo.App., 358 S.W.2d 96, 98 (2); Hartford Acc. & Indem. Co. v. Farmington Auction, Inc., Mo.App., 356 S.W.2d 512, 518; Newkirk v. Moley, Mo. App., 343 S.W.2d 213, 218. See Rogers v. Thompson, 364 Mo. 605, 615, 265 S.W. 2d 282, 287(1); Vincent v. Raffety, Mo. App., 344 S.W.2d 293, 295(1); Gardner v. Linwedel, Mo.App., 192 S.W.2d 613, 617(5).

have rested upon him.[3] There was no such plea or proof; and, with defendant Carl admitting in his testimony upon trial all of the essential elements of plaintiff's claim, plaintiff was entitled to a directed verdict against him in the principal sum of $1,135.42 with interest thereon at six per cent per annum from and after July 18, 1962, the date of institution of this suit. Weekley v. Wallace, Mo.App., 314 S.W.2d 256, 257 (2–4); V.A.M.S. § 408.020.

The state of the record with respect to the liability of *defendant Verla Harrill* is quite different. She did not testify upon trial and the record contains no admissions by her, excepting only such as may be gleaned from defendants' counterclaim, of which more anon. Plaintiff's *original petition* filed on July 18, 1962, named *defendant Carl as sole party defendant*; and, in that petition plaintiff alleged, inter alia, that "defendant purchased from plaintiff, and plaintiff sold and delivered to defendant, certain merchandise as shown on the attached bill of items and statement of account, which is marked Exhibit A and made a part hereof by reference." At the top of each of the five pages of the attached statement of account, "Mr. Carl Harrill, Adrian, Missouri," was shown as the debtor.

More than eighteen months later, to wit, on February 10, 1964, plaintiff presented a motion for leave to file an amended petition making *defendant Verla* a party defendant, in which plaintiff stated that "it has become possessed of knowledge that the merchandise purchased as stated in the plaintiff's petition was purchased partly by Verla U. Harrill and partly by defendant Carl Harrill." In plaintiff's *first amended petition* thereafter filed by leave of court, plaintiff alleged, in part, that "defendants purchased from plaintiff, and plaintiff sold and delivered to defendants, certain merchandise as shown on the attached bill of items and

statement of account, which is marked Exhibit A and made a part hereof by reference." But the attached statement of account, upon trial offered and received in evidence as plaintiff's exhibit 1, was precisely the same statement of account as had been attached to and made a part of plaintiff's original petition, with "Mr. Carl Harrill, Adrian, Missouri," shown as the debtor at the top of each of the five pages of the statement.

Upon cross-examination of witness Goodson, plaintiff's manager, it was developed that "the account is in Mr. Carl Harrill's name"; that about the 25th day of each month a "Thermofax" copy of the account had been mailed to "Mr. Carl Harrill"; that "to my knowledge" no statement of account had been sent to defendant Verla; and that the only alleged demand upon her for payment of the account had been an oral demand, so witness Goodson said, by himself and an attorney from Columbia when they went to the Harrill farm on a date thought by Goodson to have been "sometime in the Spring of '62 . . . or late Winter of, or Fall, of '61," and in response to their demand for payment defendant Verla "didn't deny it [the account]."

Plaintiff also offered in evidence as plaintiff's exhibit 2 a group of sales tickets for the items charged in the statement of account, plaintiff's exhibit 1. On thirty-one of those sales tickets, there appears, below the recordation of the items sold and the sums charged therefor, what plaintiff's counsel appropriately referred to as "a delivery signature." The remainder of the sales tickets, twenty in number, carry no delivery signature. Of the afore-mentioned thirty-one sales tickets, nine bear the delivery signature of defendant Carl, seventeen that of defendant Verla, and five that of "Frank Simpson" or "B. F. Simpson" identified as "a neighbor." But the jury

---

3. V.A.M.R. Rule 55.10; V.A.M.S. § 509.-090; Emory v. Emory, Mo., 53 S.W.2d 908, 913(7); Hubbard v. Happel's Estate, Mo.App., 382 S.W.2d 416, 424(5); Allmon v. Allmon, Mo.App., 306 S.W.2d 651, 655(3); Machctinger v. Grenzeback, Mo.App., 282 S.W.2d 200, 201(3, 4); Silvey v. Herndon, Mo.App., 234 S.W.2d 335, 340(7); 1 Am.Jur.2d, Accounts and Accounting, § 19, l. c. 392.

well might have regarded as of far greater significance the fact that, on the line near the top of the sales tickets provided for designation of the buyer (or buyers) and following the printed words *"Sold to,"* the only name there written on each ticket was *"Carl Harrill."*

█ Plaintiff emphasizes that it is entitled to the benefit of, and that defendants are bound by, the judicial admissions in defendants' counterclaim; and indeed that is true.[4] However, the "admissions" in the counterclaim amounted to no more than that "defendants operate a dairy farm in Bates County"; that "on or about the 1st day of October, 1961, the plaintiff delivered to the defendants certain dairy feed" which plaintiff warranted "was fit for consumption by dairy cattle"; and that "upon feeding said feed to the defendants dairy herd they become (sic) ill and diseased" by reason of which defendants incurred veterinary expense and the milk production and value of the herd were reduced substantially, all to defendants' damage in the sum of $10,000.

█ Even with respect to the undesignated kind and quantity of feed *"on or about the 1st day of October, 1961, . . . delivered to the defendants,"* nothing in the counterclaim fairly could be construed as having constituted a conclusive admission by defendant Verla that such feed had been *sold to her or on credit extended to her*; and certainly that is indisputably true with respect to the feed and supplies reflected by the other charges (thirty-five of them prior to October 1, 1961) in the statement of account. We have no doubt but that the record in its entirety permitted an inference and finding by the jury that the feed and

supplies charged in the statement had been sold by plaintiff to defendant Carl on credit extended to him only. Welch-Sandler Cement Co. v. Mullins, Mo.App., 31 S.W.2d 86. See Hannah v. Baylor, 27 Mo.App. 302. Plaintiff's senior counsel recognized this during trial when, in pressing his contention of the moment concerning the alleged inadmissibility of certain evidence, he insisted that "it's up to the jury to say whether this is a joint account or whether it isn't a joint account." The trial judge promptly responded, "I agree with that." In turn, we simply add our agreement.

█ Furthermore, the burden of proof rested on plaintiff to establish every essential element of its cause of action, including *"the correctness of the account and the reasonableness of the charges."* J. D. Streett & Co. v. Bone, Mo., 334 S.W.2d 5, 8(1, 2). See 1 C.J.S. Account, Action on § 15, 1. c. 604. Obviously those elements were not admitted by the counterclaim but, as to defendant Verla, depended upon the oral testimony adduced by plaintiff. Cf. S. J. Travis & Co. v. Means, Mo.App., 192 S.W. 119. Thus, as to her, the instant action falls squarely within the fundamental principle that: "In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unim-

4. Wehrli v. Wabash R. Co., Mo., 315 S.W. 2d 765, 773(9), certiorari denied 358 U.S. 932, 79 S.Ct. 321, 3 L.Ed.2d 304; Huber v. Western & Southern Life Ins. Co. of Cincinnati, Ohio, Mo.App., 341 S.W.2d 297, 300(1); Thomas v. Aines Farm Dairy, Mo.App., 257 S.W.2d 228, 233(3); E. C. Robinson Lumber Co. v. Ladman, Mo.App., 255 S.W.2d 72, 78(8, 9); 4 Wigmore on Evidence (3rd Ed.), § 1064, pp. 45–46.

**530**

peached."[5] Whether plaintiff had carried its burden of proof to establish the essential elements of its claim was for the jury [Bakelite Co. v. Miller, Mo., 372 S.W.2d 867, 871(1, 2)], and the trial court properly refused to direct a verdict against defendant Verla.

 *Is plaintiff entitled to a new trial as to defendant Verla?* Plaintiff's alternative plea under its second point is for a new trial on its petition because the verdict was against the weight of the evidence and because of defendants' admissions. Since we are directing entry of a judgment against defendant Carl, our present inquiry is only whether a new trial should be granted as to defendant Verla. As we have noted, she did not testify upon trial and the counter-claim contained no admissions determinative of the issues raised by plaintiff's petition and denied in defendants' answer. So plaintiff's plea for a new trial as to defendant Verla rests on nothing more substantial than the complaint that the verdict for her was against the weight of the evidence. Although an appellate court has the *power* in a jury-tried action at law to grant another trial on the weight of the evidence, it is crystal clear that appellate *policy* in law cases is to abide by the ruling of the trial court on weight of evidence assignments. See our discussion of this subject in Gould v. M.F.A. Mutual Ins. Co., Mo.App., 331 S.W.2d 663, 670–671(13). Thus, the complaint that the verdict for defendant Verla on the petition was against the weight of the evidence refers to a matter essentially for the trial court. Stanziale v. Musick, Mo., 370 S.W.2d 261, 265(3); Robbins v. Robbins, Mo., 328 S.W.2d 552, 556(7). The case at bar is not so egregious as to justify our refusal to follow the established appellate policy of abiding by the trial court's refusal to grant a new trial on the weight of the evidence. J. D. Streett & Co. v. Bone, supra, 334 S.W.2d at 9–10(5–7).

Where, as here, separate trials were not ordered or had [V.A.M.R. Rule 66.02], there should be only one final judgment which should dispose of all parties and all issues. See cases collected in 17A West's Missouri Digest under Judgment, ☞203. Accordingly, the judgment nisi is set aside in its entirety and the cause is remanded to the circuit court with directions (a) to enter judgment on the petition for plaintiff and against defendant Carl Harrill in the principal sum of $1,135.42 with interest thereon at six per cent per annum from and after July 18, 1962, (b) to re-enter judgment on the petition against plaintiff and in favor of defendant Verla Harrill, (c) to re-enter judgment for plaintiff on defendants' counterclaim, and (d) to tax the costs against defendant Carl Harrill.

HOGAN, J., concurs.

5. Cluck v. Abe, 328 Mo. 81, 84, 40 S.W. 2d 558, 559; Rutledge v. Baldi, Mo., 392 S.W.2d 244, 246(1). See J. D. Streett & Co. v. Bone, Mo., 334 S.W.2d 5, 10; Beezley v. Spiva, Mo., 313 S.W.2d 691, 695(6); M.F.A. Co-op. Ass'n of Mansfield v. Murray, Mo.App., 365 S.W.2d 279, 287(9).