Arleetia SHEETS, Appellant,

v.

DAKOTA IRON STORE et al., Respondents.

No. 25116.

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

**954**

Elwyn L. Cady, Jr., Independence, for appellant.

Lester J. Vandever, Kansas City, for respondents; Deacy & Deacy, Kansas City, of counsel.

HOWARD, Presiding Judge.

This is a suit for personal injuries resulting from a motor vehicle collision wherein a jury trial resulted in a verdict and judgment for defendants. We shall refer to the parties as they appeared below.

The collision occurred on Twelfth Street in Kansas City, Missouri, a short distance west of Broadway. Plaintiff was sitting in her properly parked car headed west on the north side of Twelfth Street. A tractor-trailer operated by Dakota Iron Store and driven by its employee, Leiberg, had been going south on Broadway and made a right turn to go west on Twelfth Street. In making the turn, the rear of the trailer did not follow the tracks of the tractor but rather cut across on the cord of the arc and the rear end of the trailer collided with the left rear and side of plaintiff's vehicle. Plaintiff seeks to recover for the injuries which she claims resulted from this occurrence. For our purposes, her injuries may be described as soft tissue injury to her neck and back. Defendants did not contest their negligence. They defended this action by contending that plaintiff did not receive any injuries as the result of this occurrence but that the soft tissue complaints were the results of prior injuries. In view of the contentions made by plaintiff on this appeal, a more detailed statement of the facts in evidence is not required.

Plaintiff's first point in her brief is that the trial court erred in giving Instruction No. 3, defendants' converse instruction, because such instruction omitted the word "direct". Plaintiff's verdict directing instruction required the jury to find that defendant Leiberg was the driver of the tractor-trailer which hit the automobile occupied by plaintiff and that the movement of the tractor-trailer was the "direct result of the negligence of defendant" and "as a direct result of such negligence the plaintiff sustained damage." Defendants' converse Instruction No. 3, about which complaint is made, reads: "Your verdict must be for defendants if you believe that plaintiff was not injured as a result of the collision mentioned in the evidence." Instruction No. 3 is a verbatim copy of MAI 29.05 which does not contain the word "direct".

MAI 29.01 provides for converse instructions and provides that such converse instructions may be by either of three methods; the first method uses the language "if you do not believe" followed by one or more propositions submitted by the verdict directing instruction. The second method uses the language "unless you believe", again followed by one or more of the propositions submitted by the verdict directing instruction. As is pointed out in MAI 29.01, the use of either of these two methods requires no testimony to support the converse instruction because, absent a judicial admission, the credibility of the witnesses giving oral testimony to establish plaintiff's cause of action remains for the jury. Also, the risk of nonpersuasion, when either method of converse is used, remains with the plaintiff. MAI 29.01 also provides for a third method of drafting converse instructions. This has been referred to as an "affirmative converse". This third method uses the language "if you believe" followed by a hypothesized ultimate issue which if true would defeat plaintiff's claim. MAI 29.05 is an example of this third method or affirmative converse. By using the language "if you believe", the defendants assume the burden of nonpersuasion on this point and

there must be independent evidence to support the giving of such affirmative converse instruction. This shifting of the burden of nonpersuasion results from the fact that the MAI burden of proof instruction tells the jury that if they are unable to form a belief as to any proposition they are required to believe to reach a verdict, then such proposition fails. The notes under MAI 29.01 point out that because of the need for independent evidence to support an affirmative converse and because of the shifting of the burden of proof by the language "if you believe", MAI 29.05 would rarely be used to converse a specific issue hypothesized by plaintiff. However, it should be pointed out that these notes do not give any hint of impropriety in the use of MAI 29.05 if the defendant so chooses.

The defendants chose to use MAI 29.05 in this case and the wording of that instruction exactly and precisely fits and presents the contention upon which the defendants rested their defense of this lawsuit. In giving this instruction as requested by defendants, the court and the defendants were in strict compliance with Supreme Court Rule 70.01(b), V.A.M.R. which reads:

"Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject."

This procedure is also specifically authorized by Subsection (f) of Rule 70.01, which reads:

"Instructions may be given, authorizing a verdict for a defendant, upon finding the converse of any essential fact or element essential to a verdict for plaintiff. The request of a converse instruction shall not be deemed to waive any objection to the instruction conversed."

As heretofore indicated, plaintiff complained that the instruction is erroneous because it does not contain the word "direct" as would be required if either of the first two methods of drafting converse instructions were used. In Brown v. St. Louis Public Service Company, Mo., 421 S.W.2d 255, the Supreme Court En Banc affirmed the action of the trial court in granting defendant a new trial because of error committed in leaving out the word "direct" before the word "result" in MAI 4.01 used as plaintiff's measure of damage instruction. The court pointed out that the omission of the word "direct" changed the meaning of the instruction as contained in MAI 4.01 and further in that opinion, announced that prejudicial error would be presumed where an applicable MAI instruction is modified when modification is not called for by the facts of the particular case.

The instruction in the case at bar is not subject to the criticism contained in the opinion in the Brown case. MAI 29.05 was not modified; it was given verbatim as set forth in MAI. It should also be noted that the burden assumed by defendants by the giving of Instruction No. 3 is much broader when the word "direct" is omitted than it would have been if the word "direct" had been inserted. We consequently find that the trial court did not err in giving Instruction No. 3.

The second and last contention of the plaintiff is that the trial court erred in overruling her motion for a directed verdict as to liability only, at the close of the evidence. Plaintiff relies on Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, and Prevost v. Wilkin, Mo.App., 358 S.W. 2d 417. Plaintiff's argument in support of this contention is that it was admitted by defendants that the driver of the tractor-trailer was negligent in causing it to collide with the automobile occupied by plaintiff and that therefore no question of liability ·remained in the case but only a question of damages and a verdict for the

plaintiff should be directed on the issue of liability. In *Rogers v. Thompson, supra,* the Supreme Court En Banc affirmed the action of the trial court in directing a verdict on the issue of liability. The opinion in this case points out that the general rule is that one having the burden of proof is not entitled to a directed verdict where the evidence consists of oral testimony even though the opposing party offers no evidence on such issue. This because the truth and weight of the testimony of the witnesses and their credibility remains an issue for the jury. The court went on to point out that in certain unusual circumstances, the plaintiff having the burden of proof may be entitled to a directed verdict on some or all of the issues involved. This may be true in cases where defendant judicially admits plaintiff's claim or where his evidence establishes plaintiff's claim or where there is no real dispute as to basic facts supported by uncontradicted testimony. In the Rogers case, the evidence on both sides indicated that the defendant railroad's employees (other than plaintiff) were negligent and the defendant in his opening statement and in closing argument admitted that plaintiff received some injuries in the collision. Under such circumstances, the court held it was not error to direct a verdict for the plaintiff and against the defendant and direct the jury to fix the amount of recovery.

In Prevost v. Wilkin, Mo.App., 358 S.W. 2d 417, the only other case cited by plaintiff in this connection, this court sustained the action of the trial court in directing a verdict against plaintiff on defendant's counterclaim where such action was based upon undisputed books and records in evidence. This case can have no applicability to the case at bar.

Plaintiff contends that the defendants in their opening statement admitted that she received some injury in the collision. This argument is based upon certain phrases taken out of context in the opening statement. Some of them obviously referred to what defense counsel expected plaintiff's medical evidence to be. We have carefully reviewed defendants' opening statement and, taken as a whole, defendants' position as recited therein may be summarized as submitting the proposition that the evidence would show that the soft tissue injury to plaintiff's neck and lower back about which she complained was the result of prior injuries and not the result of injuries sustained in the collision in question. Thus, even on the authority cited by plaintiff, she was not entitled to a directed verdict as to the issue of liability.

Furthermore, plaintiff had no cause of action or, stated conversely, there was no liability on defendants unless or until plaintiff proved some injury directly resulting from defendants' negligence. See Wise v. Towse, Mo.App., 366 S.W.2d 506, and cases therein cited and discussed. Also Schaefer v. Accardi, Mo., 315 S.W.2d 230; Edens v. Myers, Mo., 365 S.W.2d 559; and 1 Am.Jur.2d, Actions, Sections 66 and 69.

Defendants did not admit that plaintiff sustained injury as a result of the accident; it was the sole contested issue in this case. Unless and until plaintiff proved injury resulting from the accident, she had no cause of action against defendants and consequently was not entitled to a directed verdict as to liability. This for the simple reason that there was no liability until injury was proved. Plaintiff attempted to carry her burden of proof on this issue of injury by her own oral testimony as well as by medical evidence which was based on her subjective complaints. Plaintiff's credibility was impeached and in such circumstances, she could not be entitled to a directed verdict when such would involve a direction that some injury resulted from the accident.

Finding no error, the judgment is affirmed.

All concur.