ROBERT J. COLEMAN, Trustee, v. JACKSON COUNTY, Appellant.—160 S. W. (2d) 691.

Division One, February 26, 1942.

Rehearing Denied, April 16, 1942.

256

*Hilary A. Bush*, County Counselor, *Virgil Yates*, Assistant County Counselor, and *John B. Pew* for appellant.

*William G. Boatright* and *Harry L. Jacobs* for respondent.

HAYS, J.—The respondent brought the present action against the appellant Jackson County, Missouri, upon claims which had been assigned to him by 30 different individuals, hereinafter referred to as the assignors. Each of the assignors had acted in the capacity of a deputy or assistant to the Clerk of the Circuit Court of Jackson County at some time during the period from March 1, 1935, to December 31, 1939. The assigned claims are for salaries alleged to be due to the assignors for such services in excess of the amounts actually paid them by the county. The petition originally included

claims for amounts falling due from 1931 to 1935, but the jury below found against the plaintiff on such items and the claims for our consideration may therefore be limited to the period from 1935 to 1939. On 13 of the 30 counts in the petition the court directed a verdict for the plaintiff (on one of the 13 the directed verdict was as to a portion of the claim only). The remaining 17 counts were submitted to the jury under instructions which required them to return a verdict for the plaintiff if they should find from the evidence that the assignors named therein were duly appointed and acting deputy clerks within the period under consideration. Upon these counts the verdict was for the plaintiff. Other facts necessary to a decision will be stated in the course of the opinion.

 Respondent has moved to dismiss the appeal on the ground that the appellant's brief fails to contain "a fair and concise statement of the facts of the case" as required by Rule 15 of this court. While the statement contained in the brief of appellant is not as full and complete as might be desired, the nature of the case made it desirable to place much of the matter which would ordinarily be included in the statement in the argument. This practice is not generally to be approved but in the present instance we feel that a dismissal of the appeal would not be warranted on this ground. The motion to dismiss, which was submitted with the case, must therefore be overruled.

 The appellant complains of the action of the trial court in directing a verdict for the plaintiff on certain counts of the petition. It is a generally accepted rule in this State that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof. [Dunham-Buckley & Co. v. Halberg, 69 Mo. App. 509; Wolff v. Campbell, 110 Mo. 114, 19 S. W. 622; Goudie v. National Surety Co. (Mo. App.), 288 S. W. 369, l. c. 374; State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S. W. (2d) 462; Cluck v. Abe, 328 Mo. 81, 40 S. W. (2d) 558, l. c. 559.] There is, however, a well-recognized exception to the rule. If the opponent, that is the party not having the burden of proof, admits either in his pleadings or by counsel in open court or in his individual testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a verdict may be directed against him, and if the proof is altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass. [Magoffin v. Missouri Pacific R. Co., 102 Mo. 540, 15 S. W. 76; Davidson v. St. Louis Transit Co.,

211 Mo. 320, 109 S. W. 583; Wendorff v. Missouri State Life Insurance Co., 318 Mo. 363, 1 S. W. (2d) 99; Clemens v. Knox, 31 Mo. App. 185; Stephens v. Koken Barber Supply Co., 67 Mo. App. 587; Hoster v. Lange, 80 Mo. App. 234; Woods v. Moffitt, 225 Mo. App. 801, 38 S. W. (2d) 525; Jackson v. Security Benefit Assn. (Mo. App.), 139 S. W. (2d) 1014.]

It is the contention of the respondent that the undisputed documentary evidence in this case entitled him to a directed verdict on the counts mentioned. The claims of the various assignors are based upon the alleged fact that they were duly appointed deputy clerks and that they were paid a salary less than that provided for in Section 13466, R. S. Mo. 1939 [Mo. St. Ann., ▮ sec. 11834, p. 7040], which section, they contend, governs the amount of their compensation. Each of the assignors involved in the counts we are now considering was shown to have been duly appointed as a deputy by the elected circuit clerk. The written appointments of these assignors were introduced in evidence taken from the files of the court. Plaintiff also introduced the records of the Circuit Court of Jackson County, en banc, showing that that court duly approved the above mentioned appointments. Plaintiff then introduced in evidence the county pay rolls, which are records approved by the county court and kept in the proper county offices, showing the names of these various assignors on such approved pay rolls and showing the actual amounts paid to them, which in each instance was less than the statutory rate. If this documentary evidence as a matter of law showed the due appointment of the assignors and if as a matter of law the assignors were entitled to pay in accordance with the statute schedule, then the plaintiff was properly granted peremptory instructions on the counts in question.

▮ Appellant insists that the evidence fails to disclose that the county court had determined the number of deputies necessary "for the prompt and proper discharge" of the duties of the circuit clerk as is required by Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040]. We must rule this contention against the appellant. The county court is shown by the record evidence to have approved the pay rolls above mentioned. This was, in effect, a finding that the number of deputies included on such pay rolls was a necessary one.

▮ But appellant next contends that the record does not disclose a determination by the majority of the circuit judges that the number of deputies employed was necessary for the carrying out of the business of the circuit clerk's office. In this connection Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040], must be read in connection with Section 13471, R. S. Mo. 1939 [Mo. St. Ann., sec. 11839, p. 7043]. The pertinent portion of the latter section reads as follows: "The appointment and number of all deputies and assistants of the clerk of the circuit court and of the sheriff of the

county not expressly fixed by this article shall be subject to the approval of the majority of the judges of the circuit court, and such deputies and assistants shall not exceed the number determined by said judges to be necessary aids for the performance of the duties of such officers respectively.'' In so far as the period from 1935 up to and including the 1st of January, 1939, is concerned this matter is expressly covered by the order of the circuit court, en banc, made on Jan. 3, 1935, and contained in the record. This order expressly approves the budget of the clerk listing the number of deputies actually appointed. Further, on the 7th of January of said year the court, en banc, approved the appointment of each of the assignors involved in the counts now considered. Such an approval necessarily involved the finding that the number of deputies appointed was a necessary number. Moreover, for the year 1939 similar approval of the appointments is shown by the records of the court en banc. This approval was a judicial act and carries with it a finding of all facts necessary to make the approval, including the fact that the number of deputies was not excessive. [State ex inf. Gentry v. Toliver, 315 Mo. 737, 287 S. W. 312; State ex rel. v. Brown, 330 Mo. 220, 48 S. W. (2d) 857.]

██ ██ Appellant, however, says that these orders of the court en banc do not show that the approval was made by a majority of the circuit judges, but simply that it was made by the court. A court, however, which consists of a number of judges can act only through the concurrence of a majority of those sitting, and it is to be presumed that where the concurrence of a majority of all of the judges is required, such concurrence will be obtained before an order is entered of record. Where, therefore, the record pronounces that a given act was performed by the court it is necessarily implied that it was concurred in by the requisite number of members of the court. Appellant next contends that these appointments were void because there were chosen and approved a larger number of Class B deputies than is permitted by law. Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040], divides deputies of county officers into several categories. Among them are Class B deputies and Class C deputies. It then provides: ''There shall not be a greater number of deputies *exclusive of division deputies* in class B in any one office than one for each ten deputies and assistant clerks in class C.'' Appellant says that as ██ the Circuit Court at Kansas City is composed of nine judges, with one additional judge at Independence, there can be only ten division deputies in Class B, and as there were never more than twenty Class C deputies only two additional Class B deputies could be appointed, making a total of twelve. The record, however, shows a total of sixteen Class B deputies. However, under Section 2123, R. S. Mo. 1939 [Mo. St. Ann., sec. 1961, p. 2618], the Judges of the Circuit Court of Jackson County are required to try criminal cases, jurisdiction of which had been formerly vested in the criminal court

of such county. It appears from the record and in particular from the aforementioned order approving the clerk's budget that two separate divisions are organized for the trial of such cases. The power to divide the work of the court and to assign the trial of criminal causes as well as civil cases is vested in the court en banc by Section 2116, R. S. Mo. 1939 [Mo. St. Ann., sec. 1954, p. 2615]. In none of the apposite sections is the number of divisions in the court mentioned. It further appears from the record mentioned above that an additional special division is created for the trial of condemnation cases. The court en banc is not limited by statute to the creation of a number of divisions equal to but not exceeding the number of judges. While, of course, a judge cannot preside in two divisions at the same minute of time, he obviously can divide his time between them. It would therefore seem that the number of division deputies is at least fourteen with a possible fifteenth for the assignment division. The total number of Class B deputies was only sixteen and the budget shows the appointment of twenty-two Class C deputies, entitling the clerk to two additional Class B deputies. So it appears that the statutory limit was not exceeded.

█ The principal contention of the appellant is that the salaries of deputy clerks are no longer fixed by Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040]; but that said section has been superseded or at least modified by the county budget law of 1933. Section 11 of said last mentioned act, which now appears as Section 10924, R. S. Mo. 1939 [Mo. St. Ann., sec. 12126k, p. 6434], contains the following provision: ''The budget officer shall have power to recommend and the county court shall have power to fix all salaries of employees, other than those of elective officers, except that no salary for any position shall be fixed at a rate above that fixed by law for such position.'' It will be borne in mind that Section 11834, R. S. Mo. 1929, was in part repealed and reenacted in 1933 by the same session of the Legislature which adopted the budget law and is now Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040]. But the reenactment of Section 11834, R. S. Mo. 1929, was approved May 2, 1933, while the budget law was approved May 12, 1933. It may be contended that the words ''salaries of employees, other than those of elective officers'' means salaries of employees other than the employees of elective officers. We think this construction cannot be sustained, but that the words refer to the salaries of all employees except the salaries of elective officers. We must look to the purpose for which the budget law was enacted. In 1933 the court was in the midst of a great depression. County finances generally were in a deplorable condition. This necessitated the centralization of fiscal authorities in the hands of one agency, the logical agency being the county court. Cf. Graves v. Purcell, 337 Mo. 574, 85 S. W. (2d) 543, and in particular l. c. 550[16, 17]. To make the new plan effective the court

had to be given power over the rate of pay of county officers, but to maintain the independence of elective officials their pay was excepted from the grant of power to the county court. The last clause of the quoted portion of the section forbidding the court to pay such county employees more than the rates fixed by statute obviously implies the power to pay them less than the statutory rate, and it was inserted as a clear reference to the scale of salaries set out in Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040.]

The conclusion thus reached is not in conflict with the cases of Reed v. Jackson County, 346 Mo. 720, 142 S. W. (2d) 862, and Gill v. Buchanan County, 346 Mo. 599, 142 S. W. (2d) 665. The first of these cases involves salaries determined prior to the enactment of the budget law. The second had reference to the salaries of elective officials only. Nor are the cases of State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S. W. (2d) 532; Coleman v. Kansas City, 348 Mo. 916, 156 S. W. (2d) 644; Whalen v. Buchanan County, 342 Mo. 33, 111 S. W. (2d) 177; and Powell v. Buchanan County, 348 Mo. 807, 155 S. W. (2d) 172, in point. They do not involve the construction of the statutes now considered.

 However, in considering the effect of the budget law upon these salaries due regard must be had to Section 10931, R. S. Mo. 1939 [Mo. St. Ann., sec. 12126r, p. 6434], of which the following portion is material: "The budget officer of the county court shall not change the estimates of the circuit court or of the circuit clerk without the consent of the circuit court or the circuit clerk, respectively, but shall appropriate in the appropriation order the amounts estimated as originally submitted or as changed, with such consent." It does not appear whether the original estimate for deputy hire in the clerk's office must come from the circuit court or from the circuit clerk. The matter, however, would ordinarily be one with which the clerk is more familiar than the judges. We are not holding that the clerk might make such an estimate in violation of direct instructions given him by the court; but, apparently, in the absence of such direct instructions, he might make his own estimate and submit the same to the budget officer. It appears that for the years here involved prior to 1938 the estimates submitted by the clerk to the budget officer were based upon the statutory rate of salary for his deputies. There is some evidence that in conversation with a budget officer or the county judges he orally consented to a reduction in this wage scale. But the written estimate was not amended, and the oral conversation [if any there was] of the clerk, not reduced to writing, cannot be counted upon to modify the written document which he is required by statute to file. Hence the modification of the salary scale by the county court during the years from 1935 to 1938 was not justified by law. However, in 1938 and 1939 the clerk's estimate filed with the budget officer was for the lower rate actually paid to the

various assignors. The trial court in directing a verdict required the jury to find for the plaintiff at the statutory scale for the entire period from 1935 to December 31, 1939. Since the legal scale for the last two years of that period was lower than that fixed by Section 13466, R. S. Mo. 1939 [Mo. St. Ann., sec. 11834, p. 7040], the court erred in thus directing a verdict for the entire amount claimed.

Appellant complains of the action of the trial court in giving Instruction No. 32. Said instruction purports to set out the legal requisites for the appointment of deputy clerks, and, among other things, tells the jury that the appointment of such deputies is deemed to have been approved by a majority of the judges if they ''knowingly permit the service of such deputy to be rendered in and about the work of the court in the Circuit Clerk's department and never at any time take any action calculated to apprise anyone that such appointment does not meet with the will, desire and approbation of a majority of such judges.'' The statutes above cited require an approval of the judges. The judges spoke through their record only. Unless a written order of approval be signed or a record entry be made there is no approval. The instruction in permitting a finding that the appointments were approved by a mere tacit understanding or failure of the judges to object is erroneous, and in the form it took should not have been given.

Appellant also complains of the action of the trial court in refusing to give its instruction concerning the applicability of the county budget law. Such instruction, however, failed to take into consideration the necessity of a modification of the original budget entry by the clerk or the circuit court before the same could be modified in the final budget of the county court. The trial court therefore properly refused the instruction in the form in which it was offered.

Appellant complains of the refusal of the trial court to direct a verdict in its favor on each of the thirty counts. In the case of certain of the assignors the record before us is silent as to approval of their appointments by the circuit court. In some instances the appointments were approved by a single judge only. In others no approval at all is shown. Obviously if the approval were made by only one judge, or were not made at all, the officers could not be said to have been legally appointed and if any assignor were a *de facto,* but not a *de jure* officer, he cannot claim statutory compensation. Since, however, the case must be retried and since it is possible that the evidence on such new trial will be of a different nature, it will be unnecessary to rule directly upon these requested peremptory instructions.

Because of the errors herein pointed out the cause must be reversed and remanded for a new trial in accordance with the principles stated in this opinion. It is so ordered. All concur.