Gerald K. FIELDS, Plaintiff-Appellant,

v.

KANSAS CITY, Missouri, a Municipal Corporation, Defendant-Respondent.

No. 23330.

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Robert L. Robertson, Fred J. Freel, Kansas City, Marvin Pollard, Ludlow, Walter A. Raymond, Kansas City, for appellant.

Keith Wilson, Jr., City Counselor, John J. Cosgrove, Associate City Counselor, Robert A. Meyers, Associate City Counselor, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff fell into an open manhole in a public alley, in Kansas City. He sued defendant City for damages for personal injuries suffered from the fall. There was a verdict and judgment for plaintiff in the amount of $10,000 but, on motion, the Court granted a new trial for error in plaintiff's instruction No. 1. Plaintiff appeals.

Plaintiff testified to the effect that, in the evening of Sept. 5, 1956, at about 8:00 P. M., while it was daylight, he parked his car in a parking lot located south of 13th St., on the alley where the accident occurred; that he had previously parked there; that he went into a tavern, on the alley, and drank two vodka collins; that he intended driving to Polo to meet a friend for whom he hoped to get a job; that he left the tavern at about 10:00 p. m. to get his car; that, as he walked in the alley toward the parking lot, he fell into an open manhole and was injured; that it was dark in the alley and he did not see the hole; that, shortly after he got out, a city truck with one man driving it, arrived, and the police were notified. He stated that he had parked his car in this parking lot on occasions prior to this; that there were lights in the lot, about 40 feet from the manhole, but that the buildings shadowed the manhole; and that he did not see the manhole cover, which was lying near the manhole. No other witness saw the accident.

Mr. Winfrey, chief of defendant's Fire Prevention Bureau, was called as a witness by defendant. He stated that on the night mentioned he received a call notifying him of a fire hazard because of gas collecting in the sewer in the alley above mentioned; that he notified defendant's Public Works Department to send personnel and equipment for flushing the manhole; that he proceeded to the point indicated; that, when he arrived at the manhole, it was covered; that no other person was present; that, thereafter, a man from public works arrived in a pick-up truck; that he and this man removed the cover from the manhole; that a man from Public Works arrived with a flusher tank on a truck; that he sent him after a load of water; that the truck returned and witness directed that the water be dumped into the manhole; that, before the water was all dumped, he told the Public Works men to get more water and dump it in; that he then left; that when he left there were two public works men at the scene; that, as he was driving his car away from the curb so that the truck could get out of the alley, the truck was backing away from the manhole to go after another tank of water. He stated in his deposition that one could see this manhole from the entrance to the alley on 13th St., at night; that the alley was well lighted.

Mr. Williams, a Public Works employee who operated the flusher tank truck, testified on behalf of defendant to the effect that at about 9:00 p. m., he received instructions to take a flusher tank truck to the alley; that when he arrived there chief Winfrey and two gas inspectors were the only persons present; that the manhole was covered; that it was then 10:30 p. m.; that the chief told him to get a tank of water and flush it into the manhole; that he procured a tank of water and returned; that, at that time, the manhole was uncovered and no one was present except the chief; that he dumped this load and the chief told him to get more water; that he went after it and, when he came back, no one was present except plaintiff, who stated that he had fallen into the manhole; that plaintiff had no blood on him, no sign of injury, and made no complaint of injury; that his eyes were bloodshot, his talk was "draggy", and that he had been drinking;

that witness notified the police, who arrived within a few minutes.

Plaintiff's first contention is that the Court should have directed a verdict for him and that error in his instruction No. 1, if any, is not material.

■■ Defendant generally denied plaintiff's allegations and pleaded contributory negligence. The Court instructed on the issue of contributory negligence. There was testimony to the effect that one standing at 13th St. could have seen the manhole. Plaintiff admitted that he had parked his car just off of the alley and walked down the alley, past the manhole, to a tavern where he spent two hours and had some drinks. There was testimony to the effect that, when Williams arrived with the second load of water, defendant's eyes were bloodshot, his speech "draggy", and that he had been drinking. The burden was on plaintiff to prove that he fell into the manhole and was injured.

The fact that plaintiff actually fell into the manhole was an essential element of his case. In Coleman v. Jackson County, 349 Mo. 255, 160 S.W.2d 691, 693, the Court said:

"It is a generally accepted rule in this state that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof. (Citations) There is, however, a well-recognized exception to the rule. If the opponent, that is the party not having the burden of proof, admits either in his *pleadings* or by *counsel* in open court or in his *individual* testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a verdict may be directed against him, and if the proof is *altogether* of a *documentary nature* and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to

the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass." (Citations). (Emphasis ours.)

The above rule is the correct rule and is not in conflict with that declared in Noble v. Missouri Insurance Company (Mo.App.), 204 S.W.2d 446, 448-449, and Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, 287, cited by plaintiff. The Court was not authorized to direct a verdict for plaintiff.

■■ Plaintiff contends that its verdict directing instruction is not *prejudicially* erroneous. That instruction is as follows:

"You are instructed that, under the law, the city of Kansas City, Missouri, the defendant herein, is charged with the duty of maintaining its alleys in *a reasonably safe condition,* so that those having occasion to use them may do so in safety. It was the duty of the defendant to keep the alley mentioned in evidence in a reasonably safe condition at the sewer manhole in question, *by keeping it covered.* If the defendant, its agents, servants and employees removed the manhole cover on the occasion mentioned in evidence, and defendant through the agents, servants and employees of its public works department, then left the manhole uncovered, unguarded and unprotected, then such an act on the part of the city was negligence. And if you shall believe from all the evidence in this case that the plaintiff, while in the exercise of ordinary care, fell into the sewer manhole in the alley mentioned in evidence while walking south in said alley, by reason of the negligence of the defendant, as in this instruction defined, and that by reason of such fall plaintiff sustained the injuries complained of,

then your verdict must be for the plaintiff." (Emphasis ours.)

The instruction is erroneous in two respects. First, it was error to inform the jury that defendant was charged with the duty of maintaining its alleys in a reasonably safe condition. Defendant had only the duty to exercise *ordinary care* to keep its alleys in a reasonably safe condition for travel. Von Der Haar v. City of St. Louis (Mo.App.), 226 S.W.2d 376, 381.

Second, it was error to instruct the jury that it was the duty of the defendant to keep the alley in a reasonably safe condition *by keeping the manhole covered*. Under the common law there are other ways to keep a manhole reasonably safe for travel by the public than by keeping it covered. Von Der Haar v. City of St. Louis, supra, 381.

The question presented is whether or not the errors mentioned are such as to have materially affected the merits of the case. Plaintiff contends that such could not be true here because, in the latter part of the instruction, the jury was required to find every essential fact necessary to his right to recover. This Court said, in Brolin v. City of Independence, 232 Mo.App. 1056, 114 S.W.2d 199, 202: "Of course, the first sentence of the instruction constitutes a statement of a mere abstract proposition of law and it is well settled that even though the duty of a city is stated too broadly in that connection, *if sufficient facts are subsequently submitted in the instruction, to entitle plaintiff to recover, the error is cured.*" (Emphasis ours.)

The author of that opinion cites Drake v. Kansas City Public Service Company, 333 Mo. 520, 63 S.W.2d 75. In that case the Court said (63 S.W.2d 1. c. 83):

"In the instant case, after the abstract general statement in the first paragraph of the instruction, the second paragraph requires the jury to find certain facts as to the condition of the street, and that by reason thereof it was 'dangerous and not reasonably safe' (in the conjunctive), *and* that the defendant knew or should have known thereof in time by the exercise of ordinary care to have repaired it, *and* failed to exercise such care, *and* was thereby guilty of negligence (as the term negligence is defined in other instructions), etc. The facts required to be found to establish liability and the measure of defendant's duty are correctly set forth in that part of the instruction which purports to tell the jury what they must find in order to return a verdict for plaintiff. The first paragraph is thus explained and qualified, and the error therein, if it is error, rendered harmless."

In Patterson v. Thompson (Mo.App.), 277 S.W.2d 314, 320, the Court said:

"The general rule is that while abstract instructions are not favored, if they correctly declare the law and are accompanied by other instructions which properly apply the law to the facts, the giving of such is not error. * * * But in order to sustain an abstract instruction it must appear that it not only properly declares the law *but is not misleading*. (Emphasis ours.)

The abstract statements above mentioned constitutes a misdirection to the jury. The instruction does not require sufficient findings of fact by the jury to render the error harmless, as did that in the Brolin and Drake cases.

The judgment granting a new trial is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.