**Robert E. JONES, Appellant,**

v.

**FARMERS MUTUAL INSURANCE COMPANY OF HARRISON COUNTY, Missouri, Respondent.**

**No. WD 35894.**

Missouri Court of Appeals,
Western District.

May 28, 1985.

Richard L. Parker, Bethany, for appellant.

R.E. Moulthrop, Bethany, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PRITCHARD, Presiding Judge.

Plaintiff procured a fire insurance policy for $40,000 on a farm dwelling, and $15,000 on its contents from defendant. The policy had an inceptional date of January 30, 1982, and an expiration date of January 30, 1984. On Saturday, April 10, 1982, the dwelling and contents were totally destroyed by fire, and this action ensued for recovery of the total policy proceeds. The jury returned a verdict for defendant.

Among other matters, defendant pleaded that plaintiff "sold and disposed of virtually all of the personal property within said residence with the intent to induce the Defendant to pay him the sum of $15,000.00 for such personal property, whereas such allegedly insured goods and property of the

Plaintiff had not been destroyed by fire in that amount and the residence referred to was vacant at the time the alleged fire occurred, all of which are a breach of the conditions of the policy contract."

In connection with his claim, plaintiff filed a sworn proof of loss itemizing personal property claimed to have been destroyed at a value of over $33,000. There was testimony from an auctioneer who had conducted a sale of plaintiff's personal property in December, 1981, that at that time there was nothing left in the house except a refrigerator, stove, washer, dryer, a little dinette set and a black and white T.V. The auctioneer testified that he would not pay $2,000 for everything left in the house. A deputy sheriff testified that he had checked the house during the last two weeks in January, and continued watching it until about 10 days before the fire, and the general appearance of the premises was that it appeared to be vacant —vacated. Numerous items of clothing were listed by plaintiff as lost, but an insurance investigator testified that he found no clothing; 37 coat hangers were piled to one side; and no coat hangers were in any closet.

The defense submitted Instruction No. 7, which was given: "Your verdict must be for defendant if you believe: First, plaintiff violated a policy condition by falsely claiming personal property not destroyed by fire with intent to deceive the insuror, and Second, defendant was thereby prejudiced." Apparently, the basis for the instruction is a standard provision of the policy: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

At the close of all the evidence plaintiff filed a motion for directed verdict, and objected generally to the giving of Instruction No. 7. The motion for directed verdict was overruled. In Paragraph 4 of his after

trial motion, he assigned as error the overruling of his motion for *directed verdict* for the reason that defendant failed to introduce evidence that he had willfully concealed or misrepresented any material fact or circumstance which would void the policy in that the value of the property discovered at the scene was not shown to be less than $15,000. In Paragraph 5, he again assigned as error the court's overruling of his motion for *directed verdict* for the reason that with respect to the value of the house defendant could not have been prejudiced by any concealment or misrepresentation made with respect to the contents which may have been in the house and for the reason that defendant should not be allowed as a matter of public policy to avoid payment on multiple coverages where the alleged fraud or misrepresentation is limited to only one of the multiple coverages provided.

Plaintiff's single point here is (again) that the trial court erred in overruling his motion for *directed verdict* (adding that it erred in overruling his motion for new trial) in that the dwelling and household goods coverages were *severable* elements of the insurance policy, such that the alleged misrepresentation with respect to the contents of the house at the time of the fire should not avoid payment of the policy amount allocated to the dwelling ($40,000), notwithstanding the language in the policy to the contrary. In his prayer to this court, plaintiff asks *only* that the judgment be reversed and the case remanded to the trial court with instructions to enter judgment for him for $40,000 and interest.

It seems to be plaintiff's position that he was entitled to a direction of the verdict in his favor at least as to the coverage on the dwelling, and that any misrepresentation or false swearing as to the amount of loss on the contents could not affect the dwelling coverage because, since there were separate premiums charged, and separate insurance amounts specified, the coverages were divisible. It should be noted, however, that plaintiff sued for both the loss of the dwelling and its contents and prayed for judg-

ment in the amount of $55,000, the policy coverage for both. His verdict directing instruction submitted both items.

What plaintiff asked for in the trial court (and does ask in this court) is a direction of the verdict for him for the amount of the dwelling coverage. "Ordinarily, in this state a verdict may not be directed for a party having the final burden of proof." *Fulton v. Bailey,* 413 S.W.2d 514, 516[2] (Mo.1967), and cases cited, notably *Coleman v. Jackson County,* 349 Mo. 255, 160 S.W.2d 691, 693 (1942), and the leading case of *Cluck v. Abe,* 328 Mo. 81, 40 S.W.2d 558, 559[1–3] (1931). What this case amounts to, at most, is instructional error, and plaintiff never did in the trial court, nor here, make an assignment of error that Instruction No. 7 was erroneously given because the policy coverages on the dwelling and contents were divisible so as to entitle him to a new trial. Had he done so there might be a viable issue for determination as to the divisibility of the coverages under his general rule citation of 44 C.J.S. Insurance, § 336, p. 1284; and 45 C.J.S. Insurance, § 508, p. 231. In the posture presented, however, any such issue may not be reached because not presented to the trial court in a motion for new trial. Rule 78.07; *Bower v. Hog Builders, Inc.,* 461 S.W.2d 784 (Mo.1970); *Romines v. Donald Maggi, Inc.,* 636 S.W.2d 130 (Mo. App.1982).

The judgment is affirmed.

All concur.