**CURT OGDEN EQUIPMENT COMPANY and Curt Ogden, Plaintiffs/Respondents,**

v.

**MURPHY LEASING COMPANY, INC., n.k.a. Ogden Modulars, Inc., Gary Murphy, and Maria Montgomery, Defendants/Appellants.**

No. 64655.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1995.

**606**

Steven T. Stanton, Edwardsville, IL, for appellant Murphy Leasing Co., Inc.

Jeffrey J. Lowe, Gray & Ritter, P.C., St. Louis, for appellants Gary Murphy and Maria Montgomery.

Martin Green & Joe D. Jacobson, Green, Schaaf & Margo, P.C., Clayton, for respondents.

CRANDALL, Judge.

Plaintiffs, Ogden Equipment Company and Curt Ogden, brought actions against defendants, Murphy Leasing Company, Inc. and Gary Murphy, for breach of contract. Defendant, Maria Montgomery, intervened. Gary Murphy and Murphy Leasing Company, Inc. appeal from the judgment of the trial court which directed verdicts, after the close of all the evidence, on plaintiffs' claims against them and on Murphy Leasing's counterclaim against plaintiffs and which granted summary judgment against Gary Murphy and Maria Montgomery on their counterclaims against plaintiffs. We affirm.

When reviewing an order granting a motion for directed verdict, we review the evidence and inferences therefrom in the light most favorable to the non-moving party. *Wessler v. Wessler*, 610 S.W.2d 650, 651 (Mo. App.1980). The evidence, viewed in the light most favorable to defendants, established

that Curt Ogden Equipment Company (Ogden Equipment) was in the business of selling and leasing commercial trailers and modular buildings. Through its president, Curt Ogden, it agreed to sell its assets to Murphy Leasing Company, Inc. (Murphy Leasing). The assets included trailers and modular units available for lease, office furniture for use in the trailers, $200,000.00 in accounts receivable, equipment leases, office furniture and equipment, and tools and supplies for working on the trailers.

In return, Murphy Leasing agreed to pay a total purchase price of $2,678,400.00: $200,000.00 cash down payment; pay off of $450,000.00 promissory note to Maria Montgomery; $980,000.00 in cash; assumption of $470,000.00 note of Ogden Equipment payable to a bank; assumption of liabilities of $157,550.00; and a promissory note to Ogden Equipment for $420,850.00. The agreement also provided that Murphy Leasing execute a promissory note to Curt Ogden for $750,000.00 and pay $20,000.00 to Ogden Equipment for a covenant not to compete. Gary Murphy personally guaranteed Murphy Leasing's obligations under the purchase agreement. Maria Montgomery agreed to cancel the promissory note to her from Ogden Equipment for $450,000.00 and to release the deed of trust on certain real estate securing the note. In return, she received stock in Murphy Leasing.

The purchase agreement called for an adjustment to the purchase price in the event Murphy Leasing failed to collect a total of $200,000.00 in accounts receivable within 90 days from closing, the shortfall to reduce its note to Ogden Equipment. Murphy Leasing also entered into a lease of several buildings owned by Ogden Equipment and used in its business. Gary Murphy, acting as a straw party for Maria Montgomery and Greg Ogden, Curt Ogden's ex-wife and son respectively, signed the purchase agreement with Ogden Equipment.

Plaintiffs brought two separate actions against Murphy Leasing and Gary Murphy.[1] Curt Ogden's petition alleged that Murphy Leasing breached the agreement to pay $750,000.00 due him under the promissory note and that Gary Murphy was liable as personal guarantor. Ogden Equipment's petition was a claim for unlawful detainer and alleged that Murphy Leasing failed to make payments due under the lease and that Gary Murphy was jointly and severally liable for those payments based upon his personal guarantee. The trial court consolidated the cases for trial.

Murphy Leasing asserted a counterclaim against plaintiffs, alleging that Ogden Equipment not only fraudulently induced it to enter into the purchase agreement but also breached the agreement. Murphy Leasing alleged Curt Ogden was liable because he personally guaranteed the obligations of Ogden Equipment under the purchase agreement. Gary Murphy asserted his counterclaim, claiming Ogden Equipment fraudulently induced him to sign the personal guarantee and breached the agreement, thereby rendering his guarantee unenforceable. Murphy Leasing and Gary Murphy also asserted affirmative defenses in their separate answers, incorporating by reference the allegations contained in their counterclaims, and further claiming Ogden Equipment's fraudulent inducement and breach relieved them of their obligations to perform under the terms of the purchase agreement.

The trial court granted Maria Montgomery's motion to intervene in the action as a defendant. She then filed a counterclaim against plaintiffs, alleging that Ogden Equipment, by its false representations and warranties, wrongfully induced her to cancel the $450,000.00 note and to release the deed of trust securing the note.

The trial court granted plaintiffs' motion for summary judgment on the counterclaims of Gary Murphy and Maria Montgomery. The remaining claims went to trial. At the close of all the evidence, the court directed verdicts in favor of plaintiffs on their claims against Murphy Leasing and Gary Murphy and on Murphy Leasing's counterclaim against plaintiffs.

---

1. Plaintiffs also brought the actions against another defendant, Gary Mitchell, on his personal guarantees. He, however, did not appeal from the judgment of the trial court and is not a party to the present appeal.

The trial court entered judgment against defendants, Murphy Leasing and Gary Murphy, jointly and severally, in the amount of $1,154,106.29 in favor of Curt Ogden and $1,005,282.60 in favor of Ogden Equipment. In determining the amount of the judgment, the court gave defendants credit for the shortfall in the accounts receivable, for missing trailers, and for miscellaneous items. Pursuant to § 534.330, RSMo (1986), the court doubled the $70,000.00 judgment for unlawful detainer and entered judgment in favor of Ogden Equipment in the amount of $140,000.00.

On appeal, defendants, Murphy Leasing and Gary Murphy, first contend the trial court erred in directing verdicts in favor of plaintiffs on plaintiffs' claims against them.

■ In *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo.banc 1993), the Supreme Court of Missouri reiterated the rule specifying the circumstances under which a verdict will be directed in favor of the party having the burden of proof, usually the plaintiff.

It is a generally accepted rule in this state that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof. There is, however, a well-recognized exception to the rule. If the opponent, that is the party not having the burden of proof, admits either in his pleadings or by counsel in open court or in his individual testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a verdict may be directed against him, and if the proof is altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass. (Citations omitted).

*Id.* (citing *Coleman v. Jackson County*, 349 Mo. 255, 160 S.W.2d 691, 693 (1942)). A directed verdict in favor of the party having the burden of proof is never based upon that party's evidence. *Id.* In the case of an individual defendant, a directed verdict based upon oral testimony must be based upon the testimony of the defendant and not upon that of other witnesses called by the defendant. *Id.* at 665.

■ In the present action, plaintiffs' claim against Murphy Leasing and Gary Murphy was based on two promissory notes, one for $429,433.60 and one for $750,000.00. Under Missouri law, in a suit on a promissory note a plaintiff makes a prima facie case by producing the note allegedly signed by the defendant and showing the balance due. *Green Acres Enterprises, Inc. v. Freeman*, 876 S.W.2d 636, 640 (Mo.App.W.D.1994). Where signatures are admitted or established, production of the note entitles the holder of the note to recover on it unless the defendant establishes a defense. *Id.*

■ Here, the two promissory notes were admitted into evidence. The dollar amounts of the notes and their respective interest rates appeared on the face of the notes. Neither Murphy Leasing nor Gary Murphy disputed the signatures on the notes. Thus, the trial court was entitled to direct verdicts against defendants, Murphy Leasing and Gary Murphy, for the full amounts of the notes, unless they could establish a defense.

Murphy Leasing and Gary Murphy argue that directed verdicts were improper because they adduced substantial evidence on their defenses of fraudulent inducement to contract and breach of contract. Gary Murphy and Murphy Leasing claim that Ogden Equipment represented that it had 373 trailers as assets, but failed to turn over 15 of them; and that Ogden Equipment failed to pay them the accounts receivable which remained uncollected after 90 days. They assert that it was a jury question as to whether those acts constituted material breaches of contract and whether the breaches relieved them of their obligations to perform under the purchase agreement.

■ Where a party fails to perform according to the terms of the contract, it must be determined whether the breach is

material. J. Calamari & J. Perillo, The Law of Contracts § 11–22 (2d ed. 1977). If the breach is material or if the breaching party's performance is a condition to the aggrieved party's performance, the aggrieved party may cancel the contract. *Id.* If the breach is not material, the aggrieved party may sue for partial breach, but may not cancel. *Id.* In determining whether a breach is material, an important consideration is the degree of hardship on the breaching party and the extent to which the aggrieved party has received the substantial benefit of the promised performance and the adequacy with which he may be compensated for partial breach by damages. *Id.* Materiality is ordinarily a question of fact. *McKnight v. Midwest Eye Institute of Kansas City, Inc.,* 799 S.W.2d 909, 915 (Mo.App.1990). If the breach, however, is *de minimis,* the trial court may determine that the breach does not destroy the purpose or the value of the contract and is not material as a matter of law.

■ Here, plaintiffs delivered 358 of the 373 promised trailers. The trial court could have determined from these facts that the failure to deliver 15 trailers, or about four percent of the total number promised, was so slight a breach of the purchase agreement that, as a matter of law, it did not constitute a material breach. In addition, the court gave Gary Murphy and Murphy Leasing credit for the undelivered trailers when it awarded $89,100.00 to them as a setoff against the judgment against them.

■ Gary Murphy and Murphy Leasing also contend that Ogden Equipment inflated the accounts receivable during the six months prior to closing and did not pay them $23,764.41 due for the shortfall in the collection of the accounts receivable. The purchase agreement provided: "Seller guarantees that Buyer will be able to collect Two Hundred Thousand Dollars ($200,000.00), no more and no less, within ninety (90) days of Closing for said Accounts Receivables and that any shortfall of collection of the above amount will go to reduce the Seller's Note...." The court could have found that, as a matter of law, Ogden Equipment's failure to pay Gary Murphy and Murphy Leasing the uncollected accounts receivable, which amounted to only a little more than ten percent of the guaranteed amount, was not a material breach of the purchase agreement. In addition, the court awarded the amount of the uncollected accounts receivable, $23,-764.41, as a setoff to the judgment. Further, Ogden Equipment's alleged misrepresentations about the accounts receivable were irrelevant. Regardless of the amount of accounts receivable that Ogden Equipment claimed existed, Gary Murphy and Murphy Equipment were assured of receiving the full $200,000.00 either in cash or in credits to the Ogden Equipment note.

The other misrepresentations cited by Gary Murphy and Murphy Leasing related to the lack of trailer seals in compliance with Missouri law, the amount of monthly lease revenues, and the existence of a forged loan commitment letter from a bank. They allege that they made a submissible case on these claims which were tantamount to fraudulent inducement to contract. We have reviewed these claims and find that they are not supported by the record. No error of law appears. An opinion would have no precedential value. Those claims of error are denied pursuant to Rule 84.16(b).

Murphy Leasing based its counterclaim on the identical allegations of fraudulent inducement and breach of contract. In view of our holding that those affirmative defenses failed as a matter of law, Murphy Leasing's counterclaim also must fail as a matter of law.

■ Finally, Gary Murphy contends the trial court erred in finding him liable for the debt of Murphy Leasing to Curt Ogden, because he only signed the guarantee to Ogden Equipment. The record does not support this allegation. The guarantee executed by Gary Murphy provided that he personally guarantee "to Ogden Equipment ... all of [Murphy Leasing's] obligations...." The guarantee then defined obligations as "any and all liabilities, obligations and indebtedness of every kind and nature of [Murphy Leasing] to Ogden Equipment ... including but not limited to payment of the Ogden Notes...." The purchase agreement stated that the term "Ogden Notes" encompassed the "Seller's Note" and the "Shareholder's

Note." The purchase agreement equated "Seller's Note" with the take-back note of $420,850.00 and "Shareholder's Note" with the $750,000.00 promissory note to Curt Ogden. Thus, the language of the purchase agreement indicated that Gary Murphy's personal guarantee extended to both promissory notes, including the one to Curt Ogden.

The trial court did not err in directing verdicts in favor of plaintiffs on their claims against Gary Murphy and Murphy Leasing and on Murphy Leasing's counterclaim against them. Plaintiffs established by documentary evidence that Gary Murphy and Murphy Leasing were liable to them on two promissory notes. The defenses to plaintiffs' recovery on the notes, raised by Gary Murphy and Murphy Leasing, failed as a matter of law, as did the counterclaim of Murphy Leasing. Gary Murphy and Murphy Leasing's first point is denied.

In their second point, Gary Murphy and Maria Montgomery claim the trial court erred in granting summary judgment on their counterclaims. They contend that based upon plaintiffs' representations to them, Maria Montgomery cancelled her $450,000.00 note to Ogden Equipment and Gary Murphy personally guaranteed Murphy Leasing's obligations under the purchase agreement.

■ In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom judgment was rendered. *Arbeitman v. Monumental Life Ins. Co.*, 878 S.W.2d 915, 916 (Mo.App.E.D.1994). Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Rule 74.04(c).

■ A shareholder is without standing to sue in his individual capacity for damages to the corporation. *Around the World Importing, Inc. v. Mercantile Trust Co., N.A.*, 795 S.W.2d 85, 91 (Mo.App.1990). Both Maria Montgomery and Gary Murphy argue that they are entitled to bring an action because plaintiffs' false representations induced them to extend credit or to guarantee a debt for the corporation. *See, e.g., Empire Bank v. Walnut Products, Inc.*, 752 S.W.2d 404 (Mo.App.1988).

■ As to Maria Montgomery, in her affidavit submitted in opposition to plaintiffs' motion for summary judgment, she stated, "I did not participate in negotiations with Curt Ogden on behalf of Murphy Leasing ..., however, I did rely on information that I was told was provided by Curt Ogden and [Ogden Equipment]." Maria Montgomery's affidavit established that plaintiffs made no representations to her as an individual. *See Davis v. Carmichael*, 755 S.W.2d 679, 682 (Mo.App. 1988). Any alleged representations were made to the corporation. *See Id.* Maria Montgomery, therefore, had no standing to bring an action against plaintiffs for fraudulent inducement.

■ As to Gary Murphy, in his affidavit in opposition to plaintiffs' motion, he stated he was president of Murphy Leasing; and in that capacity, he signed the purchase agreement, the promissory note, and the personal guarantee. In addition, as president, he relied upon plaintiffs' representations regarding assets. Thus, Gary Murphy executed the personal guarantee because he was an officer and shareholder of Murphy Leasing. *See Around the World*, 795 S.W.2d at 91. Plaintiffs dealt with him as a representative of Murphy Leasing, not as an individual. *See Id.* Gary Murphy, therefore, lacked standing to bring an action against plaintiffs for fraudulent inducement.

Because Maria Montgomery and Gary Murphy lacked standing, their counterclaims against plaintiffs failed as a matter of law. The trial court did not err in granting summary judgment in favor of plaintiffs on their counterclaims. Maria Montgomery and Gary Murphy's second point is denied.

■ In their briefs, defendants also challenge the trial court's striking the testimony of an expert witness. This allegation of error was not preserved properly for appeal, because it was neither raised in a motion for new trial, *see Jackson v. Radtke*, 673 S.W.2d 40, 47 (Mo.App.1984), nor contained in a

point relied on. *See Schaeffer v. Craden*, 800 S.W.2d 165, 166 (Mo.App.1990).

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.