—————————

No. 94-3969WM
—————————

Princess House, Inc., a          *
Massachusetts corporation,       *
                                 *
                  Appellee,      *    Appeal from the United States
                                 *    District Court for the Western
        v.                       *    District of Missouri.
                                 *
Rita Lindsey; Herb Lindsey,      *    [UNPUBLISHED]
                                 *
                  Appellants.    *
                                 —————————

          Submitted:  December 13, 1995

             Filed:  February 26, 1996
                                 —————————

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.
                                 —————————

PER CURIAM.

     Rita and Herb Lindsey sold crystal products and other
decorative items for Princess House, Inc. for many years.  The
Lindseys eventually became high-level supervisors within a group of
Princess House salespeople operating in Missouri and surrounding
states.  After Princess House had repeated problems filling product
orders on time, the Lindseys decided to supplement their income by
selling products for Jewels by Park Lane, Inc. (Park Lane), a
competitor of Princess House.  The Lindseys asked a Park Lane
recruiter to hold local informational meetings about his company,
and the Lindseys invited the other supervisors in their Princess
House sales group to attend.  Most of the supervisors attended the
meetings and decided to work for Park Lane.  Princess House then
brought this diversity action against the Lindseys, contending they
breached their contracts with Princess House by recruiting for Park
Lane, intentionally interfered with Princess House's contracts with

the other supervisors, and unlawfully used company trade secrets. The Lindseys filed a number of counterclaims. The district court granted Princess House summary judgment on most of the counterclaims before trial, and a jury later found for Princess House on all Princess House's claims and the remaining counterclaims. The jury awarded damages and the district court permanently enjoined the Lindseys from using Princess House's confidential information and recruiting Princess House salespeople. The Lindseys appeal. We affirm.

The Lindseys contend the district court improperly excluded evidence about Princess House's supply problems and erroneously instructed the jury that the Lindsey's reasons for joining Park Lane were irrelevant to Princess House's breach of contract claim. According to the Lindseys, they were entitled to breach their contracts with Princess House because Princess House had already breached the contracts by failing to supply products on time. The Lindseys' theory fails under Missouri law. If Princess House's supply problems amounted to a material breach of contract, the Lindseys were entitled to cancel their contracts, Curt Ogden Equip. Co. v. Murphy Leasing Co., 895 S.W.2d 604, 608-09 (Mo. Ct. App. 1995), but the Lindseys chose not to cancel. They concede that even after they began selling products for Park Lane, they continued to work for Princess House and told Princess House executives they were not quitting the Princess House organization. Because the Lindseys did not treat the failure to supply products as a material breach, the Lindseys had a duty to continue performing as their contracts required, although they could bring an action against Princess House for damages. Id. at 609; McKnight v. Midwest Eye Inst., 799 S.W.2d 909, 915-16 (Mo. Ct. App. 1990). The Lindseys were not entitled to breach their contracts while continuing to work for Princess House and accept the contracts' benefits. See GNG XI, Inc. v. Quixoti Corp., 651 F. Supp. 68, 72 (E.D. Mo. 1986). Given that the Lindseys cannot use Princess House's supply problems as a defense, the district court

-2-

correctly concluded evidence about the failure to supply products was not relevant to the breach of contract claim. And because the Lindseys did not seek damages from Princess House based on the supply problems, the evidence also was not relevant to the Lindseys' breach of contract counterclaim. See Rice v. West End Motors, Co., 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).

We also reject the Lindseys' assertions that the district court erroneously excluded a variety of other evidence. The Lindseys' brief does not explain why they wanted to present some of the evidence. Further, the record shows the district court did not abuse its discretion by excluding each piece of evidence as irrelevant, cumulative, or unduly confusing and prejudicial. See Fed. R. Evid. 402-403.

Turning to the Lindseys' objections to the adverse grant of summary judgment on several of their counterclaims, we affirm for the reasons discussed in the district court's order. See Princess House, Inc. v. Lindsey, No. 91-0540-CV-W-2 (W.D. Mo. Aug. 10, 1994). The Lindseys also argue there is insufficient evidence to support the jury verdict for Princess House on the claims for intentional interference and wrongful use of trade secrets. Having carefully examined the record, we disagree. Moreover, the jury's damages award has an adequate basis in the record and is proper. See Polytech, Inc. v. Affiliated FM Ins. Co., 21 F.3d 271, 276 (8th Cir. 1994). Finally, the Lindseys contend the permanent injunction is overbroad and unnecessary because of the passage of time, but the Lindseys should first present this argument to the district court. See Airlines Reporting Corp. v. Barry, 825 F.2d 1220, 1226 (8th Cir. 1987).

We affirm the judgment for Princess House in this well-tried case. We also deny the Lindseys' motion to supplement the record.

A true copy.

      Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.